# CHARLESTOWN.

## STATE OF WEST VIRGINIA *v.* FERRELL.

Submitted September 15, 1883—Decided September 22, 1883.

1. It is not necessary to prove the selling of liquor on the day alleged in the indictment; it is sufficient if it was sold within one year prior to the finding of the indictment. (p. 760.)

2. It is proved that witness went into defendant's room attached to his grocery, found some whisky in a bottle in a box, took a drink from the bottle, laid down ten cents and went out. It is the only time, according to the proof, that this was done; there is no evidence, that the defendant knew it, or that he received the money; the jury found him guilty of selling the whisky. HELD:

   The evidence fails to sustain the verdict. (p. 761.)

A statement of the facts of the case is contained in the opinion of the Court.

*R. S. Blair* for plaintiff in error.

*Attorney-General Watts* for the State.

JOHNSON, PRESIDENT:

In June, 1881, Patrick Ferrell was indicted by the circuit court of Ritchie county for selling liquor without a license. The indictment charged, that the offence was committed at "his grocery in the town of Pennsboro in said county on the 20th day of June, 1881." The defendant moved to quash the indictment, which motion was overruled; and he pleaded not guilty. The case was tried before a jury, and a verdict was rendered for a fine of fifty dollars. The defendant

moved to set aside the verdict because of an alleged variance between the allegations and the proof, and because the evidence failed to sustain the verdict. The motion was overruled, and judgment entered upon the verdict. To this judgment he obtained a writ of error. The facts proved are all certified.

It is insisted the verdict ought to have been set aside, because the facts proved show, that, if there was a sale of liquor by defendant, it was not on the day alleged in the indictment. No authority is shown for this position, and we believe none can be found. If the sale was within a year from the finding of the indictment it is sufficient. It is not necessary upon the trial of a defendant for selling liquor contrary to law, to prove that the sale was made on the day alleged in the indictment, it is sufficient, if it was made at any time within one year prior to the finding of the indictment.

Again it is insisted, that the facts proved show, that if any sale was made, it was made at a place different from that alleged in the indictment. The indictment alleges, that it was at the "grocery" of defendant, and the proof shows that it was in a room adjoining the "grocery," and the jury had the right to infer, that it connected with the grocery and was a part thereof. Here was no variance.

But it is insisted, that no sale was proved. The Attorney-General has conceded this point, and with him we agree. The certificate of facts shows, that the liquor was procured from a room adjoining the grocery-store, "in which room there was a bed and some boxes," and witness "found a box, in which there was some whisky in a bottle or jug, poured out a drink, drank it, laid ten cents down on a box or barrel and walked out; that the grocery-store, the room in which he found the whisky, and the bed-room were all under the same roof, and the house was owned and occupied by the defendant, Patrick Ferrell; that on cross-examination of the witness, H. H. Collins, by the defendant's counsel the said witness stated, that he had never at any time bought any whisky of Patrick Ferrell, the defendant." The bed-room referred to was Patrick Ferrell's bed-room. It is described by H. H. Collins as follows: "I went into a room * * occupied by defendant, *between* the grocery-store and a room occupied

by said Ferrell as a sleeping apartment, in which room I think there was a bed and some boxes, and found a box, in which there was some whisky in a bottle or jug," &c. It may be that this amounted to a sale of whisky by Ferrell to Collins, but if so, it is not proved, nor are sufficient facts proved, to authorize the jury to infer, that Ferrell sold the whisky. Ferrell may have known nothing at all about it; there is no proof of facts, by which the jury would be authorized to infer, that Ferrell was at all connected with the transaction. If it had been shown, that the witness or other persons were in the habit of going into that room and drinking whisky and leaving their money, the jury would have been justified in inferring, that Ferrell knew it and received the money and in fact sold the whisky, because it would not be supposed, that a man would have his liquor exposed to the public, so that it might be drunk at the pleasure of any who might wish to imbibe. We are aware, that many tricks and devices are resorted to by illicit whisky-sellers to avoid the consequences of the violation of law, and it is the duty of those charged with the execution of the law to be vigilant in detecting and exposing such devices; but before a man can be convicted, it must be made to appear that he has in fact violated the law.

The judgment is reversed, and a new trial awarded, and the case remanded.

THE OTHER JUDGES CONCURRED.

REVERSED. REMANDED.