# WHEELING.

## State *v.* Miller.

Submitted June 23, 1885.—Decided June 27, 1885.

1. While it is the usual practice, where a jury is waived, and the case submitted to the court in lieu of a jury, if the party, against

whom the judgment is rendered, is dissatisfied therewith, to ex-
cept to the judgment and have the court certify the facts proved,
yet it is not necessary for the record to show, that the judgment
was excepted to.  It is sufficient, if the facts appear upon the
record either by the certificate of the court or otherwise.  (p. 109.)

2. In such a case upon review in the appellate court the case will be
regarded as on demurrer to evidence, and the plaintiff in error
the demurrant.  (p. 109.)

3. A case reversed because the facts proved are plainly insufficient to
warrant the judgment; the defendant having been indicted for *sell-
ing* spirituous liquors, &c., and the proof showing that he was a
*purchaser* not a seller. ·  (p. 110.)

4. Upon review of a case tried by the court in lieu of a jury, if the
evidence was plainly insufficient to warrant the judgment, the
appellate court will reverse the judgment and render judgment
for defendant.  (p. 110.)

The facts of the case appear in the opinion of the Court :

*Kenna & Chilton* for plaintiff in error.

*Alfred Caldwell*, Attorney General, for the State.

JOHNSON, PRESIDENT :

The defendant, Miller, was indicted in the circuit court of
Logan county for selling spirituous liquors, &c. without
license.

On the 5th day of July, 1883, the case was heard before
the court in lieu of a jury, and the court on the issue joined
on the plea of not guilty found the defendant guilty and
assessed a fine of $10.00 against him.  The record states :
"Thereupon the defendant by his attorney moved the court
to set aside the *verdict* and grant him a new trial, because
the same is contrary to the law and the evidence and is in-
sufficient to warrant said finding," which motion the court
overruled, to which ruling of the court the defendant excepts,
and tenders his bill of exceptions, &c.   Then follows the bill
of exceptions, which certifies the evidence.   The whole evi-
dence for the State is as follows :   "The State to maintain the
issue on her part introduced one F. M. Aldridge, as a wit-
ness and proved the following facts : That witness, Dr. Wal-
dron, E. Gibson, and defendant were together in a room at

Logan C. H., Logan county; that Dr. Waldron wanted some whisky and asked witness Aldridge to go and get some for him; that witness asked Miller if he knew where whisky could be got, and defendant told witness that he thought he could get some from one J. B. Buskirk; that witness went out of the room and was gone some time, and then returned and said he could get none; that defendant then at the request of Dr. Waldron, took the bottle and money (fifty cents) and went away and after a little while returned with a pint of whisky and gave it to Dr. Waldron, which the party drank; that this occurred within the county of Logan, and within one year previous to the finding of the indictment"; and here the State rested the case.

Why the defendant thought it necessary to introduce any evidence is hard to understand, but he did. He was himself sworn and stated how and where he got the whisky. He said he took the bottle and money and went to the shed of Buskirk's barn, saw a colored man there; laid the bottle and money down on the head of a barrel under the shed, and went away, and in a short time went back, and found the bottle filled with whisky lying on the head of the barrel and the money gone; he took the whisky to Dr. Waldron, and the party drank it; that he did not know, who filled the bottle; that he was told by George Steele that he could get whisky by leaving his money and bottle there; had no arrangement or understanding with any one about selling said whisky; was interested in no way in selling said whisky; got the same for Dr. Waldron at his request; that he had several times, after said Steele had given him the information, got whisky at the same place in the same way.

J. B. Buskirk was sworn as a witness for defendant and said, that at no time did defendant ever have any understanding or arrangement with witness to aid or assist him in selling whisky.

The bill of exceptions states : "And these being all the facts proved by both the State and the defendant, the court found the defendant guilty and assessed his fine at $10.00; and thereupon the defendant moved the court to set aside the said *verdict* as being contrary to the law and the evidence, which motion the court overruled and proceeded to render

judgment on said *verdict,* to which ruling of the court in find-
ing the defendant guilty, and refusing to set aside said find-
ing the defendant excepts, &c."

To the judgment of the court the defendant obtained a
writ of error.

It is here contended by the Attorney-General, that, inas-
much as the case was tried by the court without a jury, the
defendant waived all objections to the judgment by failing to
except thereto, and by failing to move to set it aside.
Because the case was tried by the court in lieu of a jury, it
was unnessary to except to the judgment or move to set it
aside.   While it is the usual practice in cases, where a jury
is waived and the case submitted to the court in lieu of a
jury, if the party, against whom the judgment is rendered,
is dissatisfied therewith, to except to the judgment and have
the court certify the facts proved, yet it is not necessary for
the record to show that the judgment was excepted to.   It is
sufficient, if the facts appear upon the record by certificate
of the court or otherwise.   In such case this court will in-
spect the record and either affirm or reverse the judgment,
as the law requires.   It seems to be a useless formality to
except to the judgment of a court in such a case.   An excep-
tion might as well be taken to a decree in chancery. (*Beard,
&c.* v. *Parsons,* 24 W. Va. 551.)   Here the facts were all
certified by the court and thus made a part of the record.

It is well settled, that upon a review of a judgment of the
court in a case submitted to the court in lieu of a jury it will be
by the appellate court regarded as upon a demurrer to evidence,
considering the plaintiff in error as the demurrant.   (*Id.*)

Upon the well established principles of a demurrer to evi-
dence what evidence is there in this record that the defendant
*sold* spirituous liquors, &c.?    There is abundant evidence
that he *bought* whisky as the agent of Dr. Waldron; but none
whatever that he *sold* any either for himself or as the agent
of another.   It is argued by the Attorney General, and cases
are cited to support the position, that a clerk or agent is re-
sponsible in case of a sale made by him, when his principal
has no license.   This position is sound; but the trouble is,
there is not the slightest evidence of the fact, or any evidence
of any other fact, from which the inference could have been

drawn by the court, that the defendant was the agent of any one for the *sale* of the liquor, which he procured for Dr. Waldron ; but the evidence was produced by the State that he was the agent of Dr. Waldron for the *purchase* of the whisky.

Under our statute a man can not be subjected to any penalty for the *purchase* of whisky or other intoxicants, but only for *the sale* thereof without license. It has been so held under the Massachusetts statute. (*Commonwealth* v. *Willard*, 22 Pick. 476.) As in the cases of the *State* v. *Thomas*, 13 W. Va. 847 ; *State* v. *Haymond*, 20 W. Va. 21, and *State* v. *Ferrell*, 22 W. Va. 759, the evidence is clearly insufficient to sustain the judgment of the court. In fact there is no evidence upon which the judgment can rest.

In a case like this, where the appellate court comes to the conclusion, that the judgment of the circuit court was plainly erroneous, it will not remand the case for a new trial, but will enter such judgment on the law and evidence, as the court below should have rendered. (*Nutter* v. *Sydenstricker*, 11 W. Va. 535.)

The judgment of the circuit court is reversed ; and this Court proceeding to render such judgment as the circuit court should have rendered, judgment is rendered for the defendant.

REVERSED.