### COMMONWEALTH *vs.* MICHAEL KERRISSEY.

Norfolk.     February 1. — 23, 1886.

A complaint, under the Pub. Sts. *c.* 101, §§ 6, 7, for keeping and maintaining a tenement used for the illegal sale and illegal keeping of intoxicating liquors, is supported by proof of such illegal keeping on a single *occasion* within the time covered by the complaint; and it is unnecessary to prove that the defendant used the tenement for the illegal purpose on other days or times.

COMPLAINT, under the Pub. Sts. *c.* 101, §§ 6, 7, for keeping and maintaining a common nuisance, to wit, a certain tenement in Norwood, used for the illegal sale and illegal keeping of intoxicating liquors, on July 1, 1884, and on divers other days and times between that day and April 29, 1885.   At the trial in the Superior Court, before *Mason*, J., the jury returned a verdict of guilty; and the defendant alleged exceptions, which appear in the opinion.

*J. L. Eldridge*, for the defendant.

*E. J. Sherman*, Attorney General, & *H. N. Shepard*, Assistant Attorney General, for the Commonwealth.

BY THE COURT.   A part of the government's evidence was, that, on March 26, 1885, a day covered by the complaint, the saloon of the defendant was searched under a search-warrant, and a bottle of rum found in a cupboard back of his bar.   The

defendant asked the court to rule that, if this rum " was kept for sale in the saloon by the defendant, it was not sufficient to convict the defendant, unless the jury should find that the saloon was used at other times for the illegal keeping and illegal sale of intoxicating liquor by the defendant."

The court could not properly give this instruction, for, if the defendant kept and used the premises for the illegal sale or keeping of intoxicating liquors, at any period of time or on a single occasion covered by the complaint, he is guilty of the offence charged, and it is not necessary to prove that he used it for the illegal purpose on other days or at other times. *Commonwealth* v. *Cogan*, 107 Mass. 212.

The instructions, substantially to this effect, given in answer to the request of the defendant, are not open to exception.

*Exceptions overruled.*