## COMMONWEALTH *vs.* MICHAEL ROONEY.

Plymouth.     October 19. — 21, 1886.    DEVENS & W. ALLEN, JJ., absent.

At the trial of a complaint on the Pub. Sts. c. 101, § .6, for keeping and maintaining "a certain building," used for the illegal keeping and illegal sale of intoxicating liquors, a witness testified that, on a certain day, he was in the defendant's "house," and bought liquor there, and another witness testified that, on a certain day, he was "at the defendant's house, in the front room," and liquor was sold there. *Held*, that there was sufficient evidence to warrant the jury in finding that the defendant kept and maintained the whole building, and that the same or some part thereof was used for the purpose alleged in the complaint.

COMPLAINT, on the Pub. Sts. *c.* 101, § 6, and dated March 29, 1886, to the Third District Court of Plymouth, alleging that the defendant, at Duxbury, on September 29, 1885, "and thence continually, until the day of the making of this complaint, did unlawfully keep and maintain a certain building there, during all said time, used for the illegal keeping and illegal sale of intoxicating liquors, to the common nuisance of all the people, against the peace of said Commonwealth, and contrary to the form of the statute in such case made and provided."

Trial in the Superior Court, on appeal, before *Mason*, J., who allowed a bill of exceptions, in substance as follows:

One O. C. Crocker was called as a witness, and testified that he knew the defendant; that he was in his house, at West Duxbury, on March 28, 1886, and bought cider twice in a jug; that he bought a gallon each time, and paid twenty-five cents for each gallon to the defendant; that the cider he bought was quite

hard; that he bought it in the house; and that a boy went out each time and got it and brought it in.

One Jules Giquel was also called as a witness, and testified that he lived in New Bedford; that on March 27 and 28, 1886, he was at the defendant's house, in the front room; that on Saturday, March 27, he saw cider there; that there were three persons there drinking cider from a jug; that five men came in afterwards and called for cider, and a boy brought up a jug full; that the men paid the defendant for the cider; that there was one man there so drunk he could hardly move; that on Sunday, March 28, he went there, and two men were there; that in the afternoon there were fourteen or fifteen men there; and that they had cider there several times, and drank it there, and paid the defendant for it.

This was all the evidence introduced by the government, and was all the evidence in the case. Upon this evidence, the defendant requested the judge to instruct the jury to return a verdict of not guilty, on the ground of a variance between the allegation and the proof, for the following reasons: 1. Because there was no evidence, sufficient in law, to prove that the defendant did "continually" and "all said time" keep and maintain the building described in the complaint, and "continually" and "all said time" use the same, for the illegal keeping and illegal sale of intoxicating liquor. 2. Because there was no evidence sufficient in law to prove that a "building" was kept and maintained as alleged in said complaint.

The judge declined to instruct the jury as requested; and instructed them that if, upon the evidence, they were satisfied, beyond a reasonable doubt, that, during any substantial portion of the time named in the complaint, the defendant kept and maintained the whole building described in the complaint, and the same or any part thereof was, during any substantial portion of the time it was so kept and maintained, used for the illegal keeping or illegal sale of intoxicating liquors, they should convict the defendant.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*H. Kingman,* for the defendant. The court should have instructed the jury to return a verdict of not guilty, because there

was no evidence that a " building " was kept and maintained as alleged in the complaint. The complaint having alleged that the defendant "did keep and maintain a certain building," the government was bound to prove that the whole of said building was kept and maintained by the defendant. *Commonwealth* v. *McCaughey*, 9 Gray, 296. *Commonwealth* v. *Logan*, 12 Gray, 136. *Commonwealth* v. *Wellington*, 7 Allen, 299. This the evidence did not do, as the only evidence in the case was the single statement of Crocker that the defendant " was in his house," and the statement of Giquel that he " was at the defendant's house." This does not prove beyond a reasonable doubt that this house was an entire building ; nor does it prove that it was not a tenement in, and a part of, an entire building. The court, therefore, should not, upon this evidence, have left it to the jury to find whether the defendant kept and maintained the whole building described in the complaint, or not.

*E. J. Sherman*, Attorney General, for the Commonwealth.

BY THE COURT. There was evidence tending to prove that the house in which liquors were sold was kept and maintained by the defendant. Two witnesses testified that it was his house, and that he was then selling intoxicating liquor, apparently in control and possession of the house.

The court rightly submitted the case to the jury, under instructions that, if the defendant kept and maintained the whole building described in the complaint during any part of the time named therein, and used any part of it for the illegal keeping or illegal sale of intoxicating liquor, they could convict him of the offence charged. *Commonwealth* v. *Logan*, 12 Gray, 136. *Commonwealth* v. *Mitchell*, 115 Mass. 141. *Commonwealth* v. *Kerrissey*, 141 Mass. 110.                    *Exceptions overruled.*