COMMONWEALTH vs. PATRICK LYNCH.

Middlesex.     March 31, 1890. — April 2, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Intoxicating Liquors — Evidence.*

On a complaint for unlawfully exposing and keeping for sale intoxicating liquors on a certain day, after proof that such liquors were then found on the defendant's premises, evidence was admitted that, a short time before, the defendant and his wife there had in their possession and disposed of such liquors, men were seen to escape from the house at the approach of an officer, and a large number of men were there seen who neither resided nor boarded there. *Held,* that the evidence was competent, and properly admitted.

COMPLAINT, dated January 13, 1890, for exposing and keeping for sale intoxicating liquors, with intent unlawfully to sell the same, on January 12, 1890.

At the trial in the Superior Court, before *Blodgett,* J., there was evidence that eight bottles of whiskey and six bottles of lager beer were found on January 12 in a cellar under a tenement occupied by the defendant in a dwelling-house.   A police officer, a witness for the government, was allowed to be asked, against the defendant's objection, what he had seen in the defendant's tenement on January 5, and replied that he saw through the window the defendant's wife pouring beer into the sink in the defendant's presence.   The officer was also asked, against the defendant's objection, what he had seen there before January 5, and he replied, that two weeks before, as he approached the defendant's tenement, he saw three men leave the house of the defendant and jump over a fence in the rear of the house; and that a week before January 12 seven men were in the defendant's tenement, none of whom lived or boarded there.   There was no evidence of any sale to these seven men, or of their drinking or being intoxicated.   The judge instructed the jury, that the evidence of what was seen by the witness on January 5, and before that date, and the fact of the seven men being in the defendant's tenement, was competent evidence for the government, and might be considered by them in finding their verdict.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*A. V. Lynde,* for the defendant.

*A. J. Waterman,* Attorney General, *& H. A. Wyman,* Second Assistant Attorney General, for the Commonwealth.

DEVENS, J.   The court did not, as the defendant contends, instruct the jury that they were justified in convicting the defendant on the evidence excepted to, but that the same was competent to be considered by them in finding their verdict.   It does not appear that the government relied alone upon this evidence to secure a conviction, but the contrary.   Evidence of the possession and disposition by the defendant and his wife of liquors there a few days prior to the day when the offence of unlawfully exposing and keeping for sale intoxicating liquors was charged, of the fact that men were seen to escape from the house at the approach of an officer a short time before, and that a large number of men who were neither residents nor boarders were seen there a week previous, was proper to be considered in connection with such other evidence as was offered in the case. *Commonwealth* v. *Sinclair,* 138 Mass. 493.   *Commonwealth* v. *Cotton,* 138 Mass. 500.   *Commonwealth* v. *Henderson,* 140 Mass. 303.

*Exceptions overruled.*