COMMONWEALTH *vs.* FRANK HEALEY & others.

Suffolk. November 21, 1892. —December 5, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Registering Bets and Selling Pools — Joint Liability of Participants.*

At the trial of a complaint on the St. of 1885, c. 342, against A., B., C., D., E., and F., for being present in certain rooms occupied with apparatus and devices for the purpose of registering bets and of buying and selling pools, and engaged in the business of registering bets and selling pools upon horse races, it appeared that the rooms in question were occupied for the purpose of registering bets and selling pools; that there were a hundred or more people there; that A. was at the door keeping watch, and occasionally turning some one away; that B. sold tickets, and C. paid the bets; and that D., in the next room, received through a telegraph instrument news as to the progress of the races, and informed E. and F., who wrote it upon a blackboard for the information of those present. *Held,* that the judge rightly refused to rule that there was no evidence in the case from which the jury could find any one of the defendants guilty.

HOLMES, J. This is a complaint against the defendants jointly, under St. 1885, c. 342, for being present in certain rooms occupied with apparatus and devices for the purpose of registering bets and of buying and selling pools, etc., and engaged in the business of registering bets and selling pools upon horse races. The case is before us upon exception to a refusal to rule that there was no evidence in the case from which the jury could find any one of the defendants guilty.

Taken literally, this ruling would be wrong if there was evidence against any one of the defendants. It is admitted that the defendant Clancy might have been found to have registered a bet, and the defendant Mealey to have made payments upon such bets, clearly in pursuance of a previous arrangement between themselves. In strictness, perhaps, it is not necessary to say more. But the point intended to be raised, or at least the one argued before us, was that there was no sufficient connection between the other defendants and the offence, and that the apparatus in the rooms was not apparatus for the purpose of registering bets, within the meaning of the statute. It was said that the only apparatus necessary for that purpose was a book and a pencil.

We do not think that much need be said to answer this argument, or to show the joint liability of the defendants, however close the degree of connection with the offence may be required to be. The rooms were occupied for the purpose of registering bets and selling pools. There were a hundred or more people there. The defendant Healey was at the door keeping watch, and occasionally turning some one away. As we have said, the defendant Clancy sold tickets, and Mealey paid the bets. The defendant Caldwell, in the next room, received through a telegraph instrument news as to the progress of the races, and informed the defendants Green and Shorey, who wrote it upon a blackboard for the information of those present. The only immediate purpose of every act done by any of the defendants was the making, deciding, and paying of bets. The motive and end of all of them was to induce the public present to make more bets. Evidently, the division of labor had been concerted before the bets were made. The telegraph instrument, blackboard, etc., although capable of other uses, were on the premises as aids to the business of registering bets and selling pools, and for nothing else, so far as appears. The jury could not well have come to any other conclusion than they did. *Commonwealth* v. *Clancy*, 154 Mass. 128, 133.

*Exceptions overruled.*

*T. J. Morrison*, for the defendants.

*C. N. Harris*, Second Assistant Attorney General, for the Commonwealth, did not care to be heard.