COMMONWEALTH *vs.* CURTIS WARREN & others.

Suffolk.     March 26, 1894. — May 15, 1894.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Gaming-house — Being Present where Gaming Implements are found.*

At the trial of a complaint under the Pub. Sts. c. 99, § 10, as amended by the
St. of 1887, c. 448, § 2, for being present in a common gaming-house when gaming
implements were found there, it appeared that the building in question was pro-
tected with a thick oak door with brass trimmings having on the inside an oak
bar fitted into staples attached to the door-case on each side of the door; that
officers were unable to gain admittance by knocking, and attempted unsuccess-
fully to break down the door with a sledge-hammer; that some one inside pushed
aside a slide covering a hole in the door and looked out, and after some delay the
door was opened, and the defendants were found in a room of the building, walk-
ing about; that from this room a stairway enclosed in a solid board partition led
to a room above; and that between the ceiling of the lower room and the floor of
the upper room were found concealed gaming implements, including cards and a
deal box used in playing faro. Access to the place of concealment was obtained
by removing the riser of the top step of the stairway, which was fastened by a
catch. Some one was heard running up the stairway while the officers were
trying to enter the building, and after they had entered one of the defendants
came down the stairway. It also appeared that faro is a game played with
playing cards for money. *Held,* that there was abundant evidence that the
building in question was a common gaming-house.

Although the Pub. Sts. c. 99, § 10, as amended by the St. of 1887, c. 448, § 2, and the
statute in regard to nuisances, Pub. Sts. c. 101, § 6, make it necessary to prove
that a building is resorted to for the purpose of gaming, it is unnecessary to
prove the offence charged by direct evidence that on numerous occasions per-
sons resorted to the house for this purpose, but the evidence may be circum-
stantial, or the facts disclosed may be sufficient to indicate that the place was
one used as a place of resort for the purpose named.

In the Pub. Sts. c. 99, § 10, as amended by the St. of 1887, c. 448, § 2, authorizing the
arrest of " all persons present, whether engaged in playing or not, if the imple-
ments of gaming are found in said place," the word " place " refers to the house
or building which the warrant authorizes the officers to enter, and is not con-
fined to the room where such persons are found when arrested.

LATHROP, J.    The defendants, five in number, have been con-
victed, under the Pub. Sts. c. 99, § 10, as amended by the St. of
1887, c. 448, § 2, of being present in a common gaming-house
when gaming implements were found there.    At their trial they
asked for three instructions.    1. That there was no evidence
that the building described in the complaint was unlawfully used

as and for a common gaming-house, for the purpose of gaming for money or other property. 2. That there was no evidence that idle or dissolute or other persons resorted to the premises for that purpose. 3. That there was no evidence that the defendants were present in a place where implements of gaming were found.

1. There was abundant evidence that the building in question was a common gaming-house. It was protected by a thick oak door with brass trimmings, which had on the inside an oak bar which fitted into staples attached to the door-case on each side of the door. The officers who visited the building were unable to gain admittance by knocking. They then attempted to break down the door with a sledge-hammer, but failed. Some one inside pushed aside a slide covering a hole in the door and looked out. After some delay, one of the defendants opened the door, and the defendants were found in a room of the building, walking about. From this room was a stairway, enclosed in a solid board partition, leading to a room above. Between the ceiling of the lower room and the floor of the room above were found concealed gaming implements, including cards and a deal box used in playing faro. Access to the place of concealment was obtained by removing the riser of the top step of the stairway, which was fastened by a catch. Some one was heard running up this stairway while the officers were trying to enter the building, and after the officers entered one of the defendants came down this stairway. There was also evidence that faro is a game played for money, and that it is played with cards similar to those found. See *Commonwealth* v. *Adams*, 160 Mass. 310.

2. There can be no doubt at the present day that the keeping of a common gaming-house is an indictable offence at common law. *The King* v. *Rogier*, 2 Dowl. & Ry. 431, 1 B. & C. 272. *The King* v. *Taylor*, 3 B. & C. 502. *Jenks* v. *Turpin*, 13 Q. B. D. 505, 514, 515. But this was once doubted, and it is perhaps for this reason that the statute now before us, which was first passed in 1834, (St. 1834, c. 172,) and the statute in regard to nuisances, (Pub. Sts. c. 101, § 6,) which goes back to 1855, (St. 1855, c. 405, § 1,) instead of declaring a common gaming-house to be a common nuisance, make it necessary to prove that the building is resorted to for the purpose of gaming. But there is

no necessity of proving the offence charged by direct evidence that on numerous occasions persons resorted to the house for this purpose. The evidence may be circumstantial, or the facts disclosed may be sufficient to indicate that the place was one used as a place of resort for the purpose named. *Commonwealth* v. *Lambert*, 12 Allen, 177. *Commonwealth* v. *Coolidge*, 138 Mass. 193.

In the case at bar we cannot say, as matter of law, that there was no evidence which would have warranted the jury in finding that persons resorted to the house for the purpose of gaming for money, although there was no direct evidence in regard to the house or its frequenters previously to the night when the defendants were arrested.

3. The statute authorizes the arrest of "all persons present, whether engaged in playing or not, if the implements of gaming are found in said place." The word "place" clearly refers to the "house or building" which the warrant authorizes the officers to enter, and is not confined to the room where such persons are found when arrested.   *Exceptions overruled.*

*O. A. Galvin*, for the defendants.

*F. E. Hurd*, First Assistant District Attorney, for the Commonwealth.