COMMONWEALTH *vs.* CHARLIE JOE.

Plymouth.    November 19, 1906. — January 1, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Gaming.*

On the trial of a complaint under R. L. c. 214, § 5, for keeping a common gaming house it is not necessary for the Commonwealth to show that the whole of the premises controlled by the defendant were used for the purpose of unlawful gaming. It is sufficient to justify a conviction if any one of the rooms of such premises was used for this purpose.

To justify a conviction on a complaint under R. L. c. 214, § 5, for keeping a common gaming house, it is not necessary for the Commonwealth to show that gaming was the only or the principal purpose for which the premises were kept by the defendant. It is sufficient if it was one of the purposes.

To justify a conviction on a complaint under R. L. c. 214, § 5, for keeping a com-

mon gaming house, it is not necessary for the Commonwealth to show that the place was open to the public. It is sufficient to show that any number of persons were in the habit of resorting there for illegal gaming.

To justify a conviction on a complaint under R. L. c. 214, § 5, for keeping a common gaming house, it is not necessary for the Commonwealth to show that the defendant kept the place for any special gain to himself. It is enough if he took his chance at the game with the others, the other elements of the offence being made out.

COMPLAINT, received and sworn to in the Police Court of the City of Brockton on January 30, 1905, against Charlie Joe, otherwise known as Joe Chung, otherwise known as Joe Hay, of Brockton, under R. L. c. 214, § 5, charging him with keeping a common gaming house during the three months next before the thirtieth day of January, 1905.

At the trial in the Superior Court before *Crosby,* J. there was evidence that the defendant was a Chinese person who kept a laundry at No. 65 Pleasant Street in Brockton, and that on the three Sundays January 8, 15 and 29, games with cards and money were carried on in a room back of the laundry shop; that on the Sunday last named the police officers raided the premises and found the defendant and six other Chinese persons in the back room of the laundry, and found money and cards on the table; that these persons attempted to hide both cards and money when the officers came in upon them and attempted to escape, one of them hiding in a closet.

There was other evidence of money and cards being found on the defendant and the other Chinese persons present, and that the defendant was the proprietor of the laundry at 65 Pleasant Street and was the only person engaged in running it.

The defendant made eleven requests for instructions, of which the judge gave a part of the first, the whole of the seventh, ninth and tenth, and a part of the fourth, refusing to give the others.

The instructions and parts of instructions which the judge refused to give are as follows, the portions of the first and fourth instructions given by him being enclosed in brackets:

1. In order to convict the defendant the jury must be satisfied, —

[(*a*) The defendant kept a place or tenement;

(*b*) That one of the purposes for which the place was kept was unlawful gaming;]

(*c*) That persons visited the place kept by the defendant habitually for the purpose of unlawful gaming.

2. If the jury find that the place kept by the defendant was a laundry, and that in this laundry the defendant was occasionally visited by other Chinese persons, who, while there, played at unlawful games, this does not constitute the offence described in R. L. c. 214, §§ 5, 23, and he cannot be convicted.

3. Proof of a single unlawful game, engaged in by others in the defendant's laundry, or of sporadic instances of such games therein, is not enough to justify a conviction of the defendant. The jury must be satisfied upon all the evidence, beyond a reasonable doubt, that the defendant kept the place for the purpose of permitting other persons to regularly and constantly visit it and engage in unlawful games.

4. [The burden is upon the government to prove that the defendant personally had control over the place named in the complaint for some substantial period of time,] and that during this period persons habitually and continually attended at it and engaged in unlawful gaming, with the consent, concurrence, and approbation of. the defendant.

5. The defendant can be convicted only by the finding of the jury, upon all the evidence, that one of the purposes for which the place described in the complaint was kept by the defendant was the business of permitting illegal gaming to be carried on there. The jury must find, in order to convict him, that the defendant permitted illegal gaming on his premises in return for a pecuniary gain or advantage to himself; mere permissive use of his house for games which might be illegal is not enough to justify his conviction.

6. Illegal gaming is an agreement between two or more persons to use their money or property in a contest of chance, where one may be the gainer and the other the loser. The government must prove that money or other valuable thing actually changed ownership, or the defendant cannot be convicted.

8. The government must prove, beyond a reasonable doubt, that the place kept by him as charged was habitually frequented by others for the purpose of illegal gaming, and it is not enough to prove that it was used by the defendant himself for illegal gaming.

11. Upon all the evidence in the case the defendant must be acquitted.

The judge instructed the jury that it was not necessary for the government to show that the whole of the premises were used for the purpose of unlawful gaming, but it was sufficient to justify a conviction if they found that the defendant kept any one of the rooms of the premises at 65 Pleasant Street for this purpose; that it was not necessary for the government to show that this was the only or principal purpose for which the place was kept; it was enough if it was one of the purposes; nor was it necessary that the place should be open to the public; admission might be limited to the members of a club or to a few people; and if any number of persons were in the habit of resorting to this place for illegal gaming it would justify his conviction. If the place was resorted to for this purpose on one occasion only the defendant would not be liable, but if it was commonly resorted to he would be.

The judge also, among other things, instructed the jury that the Commonwealth was not obliged to show that the defendant kept the place for any special gain to himself. If he took his chance at the game with the others he would be guilty, all the other elements in the case being made out.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*H. H. Pratt*, for the defendant.

*T. E. Grover*, District Attorney, for the Commonwealth.

SHELDON, J. The only questions now pressed in this case arise upon the defendant's exceptions to the refusal of the court at his trial to give certain instructions asked for by him. He has not however argued his eleventh request, that upon all the evidence he must be acquitted. Plainly this instruction could not have been given. *Commonwealth* v. *Warren*, 161 Mass. 281.

The exceptions do not purport to set out all the instructions that were given; those that are stated were full, accurate and well adapted to secure the defendant's rights. They required the Commonwealth to show that the place was kept and controlled by the defendant; that at least some part of it was kept by him and was actually used for some substantial period of time for the purpose of unlawful gaming, and was commonly

resorted to for this purpose; and all the essential elements of the offence charged in the complaint were stated.   In our opinion, all of the requests to which he was entitled were given in substance.   *Commonwealth* v. *Kerrissey,* 141 Mass. 110.   *Commonwealth* v. *Coleman,* 184 Mass. 198.   *Commonwealth* v. *Smith,* 166 Mass. 370.   *Commonwealth* v. *Blankinship,* 165 Mass. 40. There is nothing in *Commonwealth* v. *Stahl,* 7 Allen, 304, or *Commonwealth* v. *Leavitt,* 12 Allen, 179, to help the defendant.

*Exceptions overruled.*