# CHARLESTON

## STATE v. KIGER.

Submitted January 21, 1908.    Decided February 4, 1908.

1. INTOXICATING LIQUORS—*Illegal Sale—Evidence.*

On the trial of an indictment for unlawfully retailing liquor without a license, possession by defendant of an unusual quantity of whiskey shortly before the time of the sale alleged, unexplained, is competent evidence to go to the jury in connection with the other evidence. (p. 453.)

2. SAME—*Instructions.*

An instruction on the trial of such indictment which told the jury that if they believed "that the defendant Kiger took $1.50 from

Albert Hart and went away and came back and gave to the said Hart a quart of whiskey," that fact, though proved, did not constitute a sale of said whiskey by defendant to said Hart, and they should find the defendant not guilty, was rightly refused as not covering other inculpating facts and circumstances in evidence. *State* v. *Miller*, 26 W. Va. 106, distinguished. (p. 453.)

3. SAME.

One who receives money and delivers whiskey therefor will be treated as the seller, no other person filling that character in the transaction being pointed out by the evidence, unless other facts and circumstances shown in evidence clearly indicate that he was acting in the capacity of purchaser not seller. (p. 453.)

Error to Circuit Court, Monongalia County.

Winfield S. Kiger was convicted of an illegal sale of liquor, and brings error.

*Affirmed.*

GOODWIN & REAY, S. F. GLASSCOCK, and JAKE FISHER, for plaintiff in error.

C. W. CRAMER, for the State.

MILLER, JUDGE:

In the court below, there was judgment for a fine and imprisonment on the verdict of guilty of unlawfully retailing liquors without a license. The state relied on the evidence of a sale to Albert Hart within one year prior to the indictment. This evidence consisted, first, of the testimony of H. G. Day, agent of the United States Express Company that he delivered to the defendant in the latter part of January, 1906, a box containing six jugs which the defendant told him contained whiskey, and with respect to which the defendant subsequently filed a claim against the express company for damages on account of two jugs of whiskey broken in transit; second, of the testimony of Albert Hart, to the effect that about February 19, 1906, not feeling well, he went to the defendant and asked him if he knew where he could get some whiskey, to which defendant replied he would see and told Hart to go down to the pool room on Main street; that Hart asked Kiger how much it would cost, and he answered 75 cents a pint; that he gave Kiger $1.50 on the street and Kiger gave him the whiskey on the street, but that he did not know where Kiger got the whiskey. At

another place he intimates the whiskey was given him by Kiger in the pool room, and that it was five or ten minutes after he gave Kiger the money before he got the whiskey. There was evidence also tending to show a sale to one Cunningham. No evidence was offered by the defendant, except that a number of witnesses as to his prior good reputation. The assignments of error relied on, in logical order, are:

*First,* admitting the evidence of Day relative to consignment and delivery of whiskey to defendant. We think this evidence, showing receipt and possession by defendant of such an unusual quantity of whiskey so shortly before the time of the sale alleged, was, unexplained, competent evidence to go to the jury in connection with the other evidence in the case. Highly respectable authority so holds. *Commonwealth* v. *Lynch*, 151 Mass. 358; *Commonwealth* v. *Neylon*, 159 Mass. 541; Black on Int. Liq. section 494. Such evidence is a circumstance proper for the jury to consider. The delivery of the liquor was in the latter part of January; the sale is alleged to have been made in February.

*Second,* refusing the following instruction requested by the defendant: "The jury is instructed that a man can not be subjected to any penalty for the purchase of whiskey or other intoxicants, but only for the sale thereof without license; and, if you believe that the defendant Kiger took $1.50 from Albert Hart and went away and came back and gave to the said Hart a quart of whiskey, then that fact, though proved, does not constitute a sale of the said whiskey by the defendant to the said Albert Hart, and you should find the defendant not guilty." Consideration of this instruction involves also the merits on the motions overruled to exclude the evidence of the state, to set aside the verdict and for a new trial. The defendant stakes his case on *State* v. *Miller*, 26 W. Va. 106. The facts in that case differed essentially from the facts in this. As given in the opinion, they were that "Dr. Waldron, E. Gibson and defendant were together in a room at Logan C. H., Logan county; that Dr. Waldron wanted some whiskey and asked witness Aldridge to go and get some for him; that witness asked Miller if he knew where whiskey could be got, and defendant told witness that he thought he could get some from one J. B. Buskirk; that witness went out of the room and was gone some time,

and then returned and said he could get none; that defendant then at the request of Dr. Waldron took the bottle and money (fifty cents) and went away and after a little while returned with a pint of whiskey and gave it to Dr. Waldron, which the party drank." These facts disclose not the slighest indication that Miller was the seller, but show that he acted solely as agent for the purchaser. Every fact and circumstance surrounding him negatives, of their own force, the idea that he was the seller, While the court does not base its opinion on that fact, yet the defendant went upon the stand and testified as to how and where he got the whiskey—that he took the bottle and money and went to the shed of Buskirk's barn, saw a colored man there, laid the bottle and money on the head of a barrell, went away, and in a short time returned and found the bottle filled with whiskey lying on the head of the barrel and the money gone; that he took the whiskey to Dr. Waldron and between them they drank it; that he did not know who filled the bottle; that he was told by George Steele that he could get the whiskey by leaving his money and bottle there; that he had no arrangement with any one about selling said whiskey; that he had gotten the whiskey for Dr. Waldron at his request; and that he had several times, after Steele gave the information, gotten whiskey at the same place in the same way. Buskirk also testified for defendant that at no time did defendant have any arrangement with him to assist in selling whiskey.

In this present case Kiger not only gave Hart the price, took the money, brought the whiskey under the most suspicious circumstances, but was actually shown to have obtained possession of such an unusual quantity of liquor shortly before the sale as to almost preclude the idea that he was acting in this instance as purchaser and not seller.

In Georgia—beginning with *Paschal* v. *State*, 10 S. E. 821, and followed by *Grant* v. *State*, 13 S. E. 554; *White* v. *State*, 19 S. E. 49; *Jones* v. *State*, 28 S. E. 396; *Evans* v. *State*, 29 S. E. 40; *Cunningham* v. *State*, 31 S. E. 585— the supreme court of that state has held that one who receives money and delivers whiskey therefor may be treated as the seller, no other person filling that character in the transaction being pointed out by the evidence. In *Evans* v. *State*, referring to the prior cases with approval, it was held, how-

ever, that the mere failure of the person delivering the whiskey to disclose at the time of so doing the name of the person from whom he bought will not of itself necessarily warrant the conclusion that he is himself the seller to the person to whom he delivered the whiskey. But in *Williams* v. *State*, 33 S. E. 641, the facts and circumstances did not disclose the name of the seller, and the defendant when arrested had the liquor in his possession; but his declaration then made, given in evidence by the state, was to the effect that he had bought these liquors for the persons whose names were on the packages, which evidence with the other testimony rebutted the presumption of sale by him; and *Paschal* v. *State*, and other cases cited were held not applicable. *Williams* v. *State* may in this particular be likened to *State* v. *Miller*, but both are unlike in the rebuttable evidence—in the case at bar every fact and circumstance pointing to the guilt of the defendant.

An argument is made by the state on the doctrine of undisclosed principal in civil cases as rendering the defendant criminally liable, and numerous authorities are cited; but, while in a measure illustrating the rule, they are not wholly applicable in criminal cases. . In civil cases the other party may, at his election, hold the agent of an undisclosed principal liable on his contract; but the rule does not apply in all respects where the violation of a penal statute is involved, as the liquor cases cited well illustrate.

Certain it is that the unqualified language of defendant's instruction does not correctly propound the law of the case. It is quite true, as therein stated, that the bare fact that Kiger took Hart's money and went away and came back and gave him whiskey would not constitute a sale; but this was not by any means the whole of the evidence; the circumstances of receiving the money, his naming the price in advance of receiving it, his prior possession of an unusual quantity of whiskey, and other facts and circumstances, unexplained, were not covered by the instruction, and from which we think the jury were justified in finding the defendant guilty; and, not being covered by the instruction, the court properly refused it. *State* v. *Miller* does not justify the instruction. It propounds no such naked proposition. It must be read in light of its own facts and circumstances. It did not mean to say that in a

case like this the jury should not find the defendant guilty on such unexplained facts and circumstances as were in evidence in this case. We have so frequently held that a binding instruction which does not cover the whole scope of the evidence is improper, that it is unnecessary to cite the cases. For the same reason, we think the court properly overruled the motion to exclude the evidence of the state and for a new trial. The judgment below is therefore affirmed.

*Affirmed.*