[File No. Cr. 84.]

STATE OF NORTH DAKOTA, Respondent, v. OSCAR HAUGE, Appellant.

(242 N. W. 402.)

Opinion filed April 23, 1932.

*G. W. Twiford* and *Scott Cameron* (on oral argument), for appellant.
*James Morris,* Attorney General and *Paul Campbell,* State's Attorney, for respondent.

BIRDZELL, J. Oscar Hauge was convicted of the crime of maintaining a common nuisance and he appeals to this court from the judgment of conviction. The information charges that he "did wilfully, unlaw-

fully, and feloniously keep and maintain a house and building situated in Ward county, North Dakota, described and known as a dwelling house at 308 1st St. S. W. in the city of Minot, North Dakota, wherein the said Oscar Hauge did keep, possess, sell and furnish intoxicating liquor, to-wit: Beer, and where persons were, by the said Oscar Hauge, permitted to resort for the purpose of drinking intoxicating liquor." Error is predicated upon the failure of the court to give certain requested instructions and the giving of the following instruction: "A person who keeps and maintains a place where intoxicating liquors are sold as a beverage becomes guilty of keeping and maintaining such place when the first sale is made and the place thereby utilized for the prohibited purpose." This charge comes at the end of an instruction more fully outlining the offense as follows:

"The defendant in this case is charged with the public offense of maintaining a common nuisance. Now I charge you that our laws provide that any room, house, building, structure or place where intoxicating liquors are sold, bartered, furnished, kept or possessed, or where persons are permitted to resort for the purpose of drinking intoxicating liquor is declared to be a common nuisance.

"I charge you further that alcohol and beer are defined by our laws as intoxicating liquors and that their intoxicating qualities shall by the court be presumed.

"Now to possess intoxicating liquors contrary to our law means to wilfully and unlawfully keep, maintain, protect or in any way to personally exercise ownership or authority or dominion over the same.

"The word 'kept' as used in our law means kept for sale or barter or other commercial purposes.

"The existing of a nuisance within the meaning of our law may be proved by a number of sales sufficient to establish a course of business or by a single sale when accompanied by facts showing that the place where the sale was made was maintained for keeping and selling intoxicating liquor. It may also be established by possession of liquor when accompanied by facts showing that the place where the possession is had was maintained for a similar purpose.

"The information in this case charges the maintaining of a common nuisance. Under our laws all places are common nuisances where intoxicating liquors are sold, bartered, furnished, kept or possessed,

or where persons are permitted to resort for the purpose of drinking intoxicating liquors. It is the maintaining of a place where these things, or one or more of them are done that constitutes the crime. It is keeping the place where these things are done that constitutes the offense. Proof of keeping by the defendant and that any of the prohibited acts was done by the defendant in such place during such keeping would make the offense complete.

"So if you find from the evidence beyond a reasonable doubt that the defendant kept the place as charged in the information, at the time stated in the information, and that any of the prohibited acts mentioned above were done by him at such place during such time you should find him guilty as charged in the information. Should you fail to find that the defendant kept the place during such time, or fail to find that any of the acts above set out were done as charged in the information you should find the defendant not guilty.

"Now under the express terms of this statute a place where intoxicating liquors are sold, bartered, furnished, kept or possessed is a common nuisance and the person who keeps and maintains such place keeps and maintains a common nuisance. It is not essential that the place shall be kept and maintained for any particular or designated length of time, or that any particular number of prohibited acts take place. A person who keeps and maintains a place where intoxicating liquors are sold as a beverage becomes guilty of keeping and maintaining such place when the first sale is made and the place thereby utilized for the prohibited purpose."

The defendant had duly requested the court to charge that a single sale or possession may not be a violation of the nuisance statute but that the existence of the nuisance might be proved by a number of sales sufficient to establish a course of business or by a single sale when accompanied by facts showing that the place where the liquor was sold was maintained for the purpose of keeping and selling intoxicating liquor; and that the maintenance of a common nuisance implies continuity over a substantial period of time.

In support of the contention that the court erred, counsel relies mainly upon the decision of the circuit court of appeals of the eighth circuit in Webb v. United States (C. C. A. 8th) 14 F. (2d) 574, 49 A.L.R. 612. He points out that § 10,145b15 of the 1925 Supplement

to the Compiled Laws of 1913, which defines the offense of maintaining a common nuisance, is a part of the statute enacted for the purpose of bringing the prohibition laws of this state into accord with the Eighteenth Amendment and the Volstead Act, and that, consequently, the decisions of the circuit court of appeals which interpret the similar provisions of the Volstead Act are highly persuasive, if not binding, upon state courts adopting similar legislation. It is true that in the Webb case it is stated (page 576): "But the maintenance of the nuisance implies a continuity of criminal action extending over a substantial period of time." But it is not to be inferred from this that a single sale may not constitute a link in the chain of proof of continuity of criminal action. In fact, the court, in using the language quoted above, guarded against any such extreme construction of its opinion as that contended for here by expressly stating "A single sale may be made under circumstances which establish the maintenance or continuance of a nuisance" and further cited with approval the cases of Lewinsohn v. United States (C. C. A. 7th) 278 Fed. 421, and Barker v. United States (C. C. A. 4th) 289 Fed. 249.

In Barker v. United States, supra, by way of construing the nuisance section of the National Prohibition Act, the court said (page 250):

"We do not mean to be understood as deciding that a single sale of liquor, or the mere unlawful possession of liquor, under all circumstances may be construed to be a violation of § 21, because so to decide would be to render meaningless the other provisions of the law in which the Congress has denounced these specific acts, and provided punishment for their violation. Nor is it correct, on the other hand, to say that under some circumstances a single sale or a single unlawful possession may not in itself be sufficient to bring the section referred to into operation, for, as was said in another case construing this same provision of the act:

" 'There could be, however, an almost irrefutable conclusion drawn from a single sale, provided the facts surrounding such sale warranted the inference that it was one of the ordinary and usual incidents of the business there conducted.' Lewinsohn v. United States (C. C. A. 7th) 278 Fed. 421.

"Each such case must therefore depend upon its own facts. If the evidence be confined to a single sale, with no evidence of other viola-

tions or habitual sales, and likewise no evidence from which such acts may reasonably be deduced, the penalties provided in the act for unlawful sale should alone apply; but, equally, evidence of a single sale in a place, from which the circumstances tend to show habitual violation, is enough to bring the prosecution within the terms of the nuisance section and to make applicable the severer penalties which its terms provide."

When the facts in the Webb case, so strongly relied upon, are considered, in the light of the authorities cited with approval by the court, we think the opinion is clearly not susceptible of the interpretation placed upon it by the appellant. It appears that in 1922 Webb had been enjoined from maintaining a common nuisance on certain premises and the proceeding in question was upon an information for contempt which was filed in 1925. The information charged Webb with one specific sale on the premises on November 4, 1924, or after the expiration of a year from the time the premises were closed under the original decree. This sale was alleged to have been in violation and defiance of the decree and to have been contemptuous. There was no attempt to show any circumstances in which the sale was made which would cause it to constitute a continuance or renewal of the original nuisance, and Webb was also separately charged upon another criminal information with making the same sale. So, the question before the court upon the contempt information was whether or not a charge of a single sale supported by evidence showing that alone would sustain a judgment finding the defendant guilty of contempt. The court took the view that the original nuisance had been abated, the injunction had spent its force at the expiration of a year thereafter and that consequently the single sale without more was not a contempt nor a continuation of the original nuisance. We find nothing in this case inconsistent with the case of Scott v. State, 37 N. D. 90, 163 N. W. 813, L.R.A.1917F, 1107, wherein this court said (page 94):

"Under the express terms of this statute a place where intoxicating liquors are sold is a common nuisance, and the person who keeps and maintains such place keeps and maintains a common nuisance. It is not essential that the place shall be kept and maintained for any particular or designated length of time, or that any particular number of prohibited acts take place. A person who keeps and maintains a place

where intoxicating liquors are sold, as a beverage, becomes guilty of keeping and maintaining such place when the first sale is made, and the place thereby utilized for the prohibited purpose. The authorities seem to be in accord on the proposition that a single sale is evidence of keeping and maintaining a common nuisance within the purview of the statute. State v. Reyelts, 74 Iowa, 499, 38 N. W. 377; State v. Benson, 154 Iowa, 313, 134 N. W. 851; Bepley v. State, 4 Ind. 264, 58 Am. Dec. 628; Shideler v. Tribe of Sioux, 158 Iowa, 417, 139 N. W. 900. See also Com. v. Kerrissey, 141 Mass. 110, 4 N. E. 820; State v. Cooster, 10 Iowa, 453, 457."

While the Scott case arose under the old nuisance statute (Comp. Laws 1913, § 10,117), the rule therein stated is, in our opinion, equally applicable under the present statute (§ 10,145b15 of the 1925 Supplement to the Compiled Laws of 1913). The charge complained of in the case at bar is quoted from the Scott case. The evidence is not before us and we must therefore assume that there was ample proof of other circumstances which of themselves or taken in connection with the sale would characterize the place as a nuisance. We cannot assume that the only evidence before the jury was evidence tending to prove one sale.

It follows that the judgment appealed from must be affirmed. It is so ordered.

CHRISTIANSON, Ch. J., and NUESSLE, BURR and BURKE, JJ., concur.