## Application of LOJACONO.

Railroad & Public Utilities Commission.

January 13, 1953.

Eugene A. Williams of Roth, Williams & Psalidas, Miami, for applicant.

Edwin L. Hubbard of Walton, Hubbard, Schroeder, Lantaff & Atkins, Miami, for Southern Bell Tel. & Tel. Co.

John C. Reeder, Miami, for the Attorney General.

BY THE COMMISSION.

On November 13, 1952 the commission by its duly designated examiner, Alfred E. Sapp, held a public hearing on this application at 2605 West Flagler St., Miami. On December 5, 1952 a copy of the examiner's proposed order was transmitted to all parties of record and 15 days were allowed within which to file exceptions to the proposed order. No exceptions were filed by the parties. After careful consideration of the entire record in this matter the examiner's proposed order is adopted as the order of the commission.

Samuel Lojacono, the applicant, is the proprietor of the Franklin Pharmacy, 6901 Biscayne Blvd., Miami, where he formerly had three telephones, no. 893714 in the drug department and two public pay telephones, nos. 79274 and 789369, in the front of the store.

Indicating that the telephones in the establishment were being used for unlawful purposes, the Attorney General on January 30, 1952 requested the telephone company to discontinue service under the provisions of section 365.08, Florida Statutes 1951. The company immediately notified the applicant that service would be discontinued on February 4, 1952.

On February 2, 1952 applicant filed suit against the company in the circuit court, obtaining a preliminary injunction from Judge J. Fritz Gordon, as to business telephone no. 893714. Thereafter the court heard evidence and on February 18, 1952 entered an order dissolving the temporary injunction, but in the public interest restraining the discontinuance of one of the public pay telephones, no. 789369, on condition that application be made to this commission for a review and determination of whether, when and under what circumstances the commission might authorize the company to reinstate service over the other two lines which it had been instructed to discontinue. The applicant then appealed to the

Supreme Court but the appeal was denied, and finally on September 17, 1952 the company discontinued service for telephone nos. 893714 and 79274, as directed by the court order—leaving one of the public pay telephones, no. 789369, in operation.

Judge Gordon, in his order, found as follows:

Although there was no direct evidence in this record connecting plaintiff's telephones with the bookmaking testified to, there was evidence that plaintiff was seen using his office telephone from time to time after bets had been placed with him. In equity as at law the burden of proof is upon the plaintiff; the doctrine of clean hands, of course, applies, Cullen v. Ohio Bell Tel. Co., 36 PUR N.S. 152, 156; the evidence of parties who attempt to impose upon a court of equity by false statements or like deceptive practices should be rejected, Atkinson v. Plumb (W. Va.), 32 S. E. 229; and an inference may be drawn that the telephones were used in furtherance of the bookmaking disclosed by the record from the general knowledge that telephones are commonly used in establishments where such illegal activities are practiced, Commonwealth v. Gensky (Mass.), 61 N. E. 2d 532, Rodman v. New England Tel. & Tel. Co. (Mass.), 61 PUR N. S. 242, Ganek v. N. J. Bell Tel. Co. (N. J.), 57 PUR N. S. 146.

Being deprived of telephone service is undoubtedly a serious handicap to the applicant's business, but he still has one public pay telephone in the store which the court decided should be left there in the public interest, and has been deprived of the others only since September 17, 1952.

After due consideration of all the evidence it would appear that the applicant will be sufficiently penalized by being deprived of the other two telephones for a period of 18 months—provided that if they are reinstalled they will not be used for unlawful purposes.

It is therefore ordered that the application be, and the same is, hereby granted on the conditions stated, and that Southern Bell Tel. & Tel. Co. be, and it is, hereby authorized to reinstall said telephone service on the conditions stated 18 months from the date the same was discontinued.