COMMONWEALTH *vs.* WILLIAM GORMAN.

Suffolk.      November 25, 1895. — November 26, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Policy Slips — Evidence — Instructions.*

The offence of having policy slips in one's possession can be committed at any time, and therefore, at the trial of a complaint under St. 1895, c. 419, possession at any time may be proved, although the slips were not found in the defendant's possession when arrested on the complaint, nor when arrested for any violation of law mentioned in § 3 of the statute.

An exception to a refusal to give a request for a ruling that a statute is unconstitutional will not be considered if the instruction to the jury, which was sufficiently favorable to the party asking the request, renders the exception immaterial.

COMPLAINT, under St. 1895, c. 419, by Orlando B. Lailer, to the justices of the Municipal Court of the City of Boston, alleging that the defendant, on September 10, 1895, at Boston, "did have in his possession for the purpose of sale, transfer, and delivery, a certain printed slip and bill then and there designed to guarantee and assure to a person to whom the same would and should be so sold, transferred, and delivered as aforesaid, a chance of drawing and obtaining a prize and thing of value (a more particular description whereof is to said Lailer unknown) to be drawn in the game and device commonly known as policy lottery."

At the trial in the Superior Court, before *Gaskill*, J., it appeared that the implements were found upon the person of the defendant while being searched after his arrest as an idle and disorderly person on the day previous to that on which the present complaint was made. The officer who then arrested the defendant was asked by the District Attorney what he found upon the person of the defendant at the time of the arrest. The

defendant objected, on the ground that the question was not competent until evidence was offered of the cause of the defendant's arrest, and that the burden was on the government to show that any person having the implements upon him, as alleged in the complaint, was lawfully arrested for gaming, or for having in his possession gaming implements, before such implements could be admitted as evidence.

The defendant requested the judge to rule that the provisions of § 3 of the statute, to the effect that the finding of any gaming implements upon the person of the defendant was *prima facie* evidence of his guilt of the offence charged, were unconstitutional; but the judge refused so to rule.

The defendant also requested the judge to rule that if the jury should find that, when the defendant was lawfully arrested on the charge set forth in the complaint, he did not have in his possession the implements set forth therein, they must acquit him; but the judge refused so to rule, and instructed the jury that the implements, etc. found upon the defendant were not *prima facie* evidence of his guilt, but that the government must satisfy the jury beyond reasonable doubt of the defendant's guilt, and gave other instructions not objected to.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*W. E. Macdonald*, for the defendant.

*J. D. McLaughlin*, Second Assistant District Attorney, for the Commonwealth.

HOLMES, J. We presume that the implements found upon the defendant's person were policy slips, although the exceptions do not tell us what they were. There is no contention to the contrary. It seems that they were not found when the defendant was arrested in this case, nor when he was arrested for any violation of law mentioned in St. 1895, c. 419, § 3, and that therefore they are not within the clause of that section expressly making them competent evidence. The objection to evidence of the finding, except in a case brought within that clause, implies that the offence charged cannot be committed at other moments than that of the defendant's arrest for that, or at least for a similar offence. The ruling last requested rests on the same proposition. But as the offence can be committed at any time,

the fact that the defendant had policy slips in his possession at the time of the alleged offence is admissible as the most important part of the offence charged.

The judge instructed the jury that the finding of the implements upon the defendant was not *prima facie* evidence of his guilt. This was sufficiently favorable to the defendant, and made immaterial the request for a ruling that the statute on this point was unconstitutional. See further *Commonwealth* v. *Williams,* 6 Gray, 1, 6.                  *Exceptions overruled.*