COMMONWEALTH *vs.* JOHN H. CARLSON.

Suffolk.    May 3, 1954. — June 4, 1954.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Betting. Words,* "Place."

A conviction under G. L. (Ter. Ed.) c. 271, § 17, upon the charge of being found in a place with apparatus and devices for registering bets on horse races was warranted by evidence that the defendant entered the first floor hallway of a building from the street and walked toward the door of an apartment, that police officers present ordered him to go into that apartment, that he was searched there, and that on his person were found slips which were records of bets on horse races held the day before, a tape, a pen and a pencil; the hallway was a "place" within the meaning of § 17, and the defendant could be convicted although he had no control over it.

INDICTMENT, found and returned on July 3, 1953.

The case was tried in the Superior Court before *Gilmore,* J., a District Court judge sitting under statutory authority.

*Anthony M. McDonough,* (*Carroll D. Lehane* with him,) for the defendant.

*Daniel J. O'Connell, Jr.,* Assistant District Attorney, (*John T. Gaffney,* Assistant District Attorney, with him,) for the Commonwealth.

LUMMUS, J.    The defendant was convicted upon an indictment which alleged that on April 8, 1953, he "was found in a certain place, to wit: the building situate at, and numbered, 70 in Burbank Street, in the said City of Boston, with certain apparatus and devices for registering bets upon the results of trials and contests of skill, speed and endurance of certain beasts, to wit: horses." Answering to the defendant's motion for particulars, the Commonwealth spec-

ified that the alleged offence took place in the front hall-way of the building, and that the "apparatus and devices" consisted of "slips and other apparatus."

The principal exception is to the denial of the defendant's motion for a directed verdict of not guilty. The evidence was as follows. On the day in question, at about five in the afternoon, police officers secreted themselves in the first floor hallway of the building. A few minutes later the defendant entered from the street and walked toward the door of apartment 2. The officers ordered him to go into that apartment, where he was searched. On his person were found slips which were records of bets on horse races held the day before, a tape, a pen and a pencil.

The statute, G. L. (Ter. Ed.) c. 271, § 17, makes criminally punishable being "found in, any place . . . with apparatus, books or any device, for registering bets . . . upon the result of a trial or contest of skill, speed or endurance of man, beast, bird or machine." The indictment charged the offence in the words of the statute, and was sufficient. *Commonwealth* v. *Connelly,* 163 Mass. 539, 541. *Commonwealth* v. *Pentz,* 247 Mass. 500, 505. *Commonwealth* v. *Reilly,* 248 Mass. 1, 3. *Commonwealth* v. *Ballou,* 283 Mass. 304, 312.

It could have been found from the fact that the defendant had on his person the articles in question when he went into the apartment at the direction of the police officers, that he had them on his person in the hallway. And we have no doubt that the hallway was a "place" within the meaning of the statute. In *Commonwealth* v. *Jensky,* 318 Mass. 350, on a complaint for being found in a "place" with similar apparatus and devices, a defendant was found guilty of being found with them in a room of a building. By St. 1922, c. 315, from which the present statute is derived, "Whoever keeps a building or room," or "occupies, or is found in, any place," with such apparatus or device, was punishable. We do not think the mention of various places in the open air, following the word "place," was intended to restrict the word "place" to localities not in any building.

The intention seems to have been to make punishable the possession of such apparatus and devices anywhere.

The slips were none the less apparatus and devices because they related to horse races held on the day before. See *Commonwealth* v. *Gorman,* 164 Mass. 549. All the articles, taken together, could be found to be apparatus for registering bets, although some of them could be used for innocent purposes, and although bets could be registered without them. *Commonwealth* v. *Adams,* 160 Mass. 310. Compare *Commonwealth* v. *Certain Gaming Implements,* 317 Mass. 160.

The defendant excepted to the refusal to give certain requested instructions. He does not argue these requests separately. He could be convicted although he had no control of the place where he was found with the apparatus in question. No exceptions were taken to the charge. We must presume that the jury were properly instructed. *Curtin* v. *Benjamin,* 305 Mass. 489, 494. All of the requested instructions have been covered in this opinion. What is criminal under the statute is being found in any place with apparatus or any device for registering bets. *Commonwealth* v. *Chagnon,* 330 Mass. 278, 282. The evidence warranted the finding of guilty.

*Exceptions overruled.*