COMMONWEALTH. *vs.* JOSEPH PASQUALE.

Worcester. September 24, 1956. — November 13, 1956.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Betting.*

A finding that a taxi operator was guilty of registering bets on horse races in violation of G. L. (Ter. Ed.) c. 271, § 17, was warranted where the evidence left it a question for the jury whether a slip of paper in his pocket, on which were written the names of horses scheduled to race at a track the same day and some figures, was made out and delivered to him by a bettor with intent on their part that it should constitute a memorandum of bets received by him or was merely a memorandum of bets to be placed by him at the track as an agent of the bettor.

COMPLAINT, received and sworn to in the Central District Court of Worcester on October 1, 1954.

Upon appeal to the Superior Court, the case was tried before *Casey,* J., a District Court judge sitting under statutory authority.

*Robert V. Mulkern,* for the defendant.

*Joseph S. Virostek,* Assistant District Attorney, (*A. Andre Gelinas,* District Attorney, with him,) for the Commonwealth.

WILLIAMS, J.   After a finding of guilty in the District Court the defendant on appeal was found guilty by a jury in the Superior Court upon a complaint which charged that on September 30, 1954, he "Did occupy or was found in a place, to wit: On Front Street (Opp. 182) with apparatus, books or device for registering bets, and did register bets on the speed of a horse."   Of his exceptions, the only

one argued is that taken to the denial of his motion for a directed verdict of not guilty presented after he had rested at the conclusion of the Commonwealth's evidence.

This evidence in substance was that the defendant was a licensed taxi driver and on September 30, 1954, was waiting with an automobile which was under his control on Front Street, Worcester, to take passengers to the race track. The automobile was unoccupied and was parked at the curb. Policemen who held a warrant to search the automobile for gaming implements asked the defendant to accompany them with the automobile to police headquarters where a search of the automobile revealed "nothing of consequence." The defendant at the request of the police emptied his pockets and produced therefrom a pencil and a slip of paper on which was written in pencil, "1st John J. Jr. 2-0-0    6th Jiffy 2-0-0    7th Lunar Park 2-0-0." The word "Pat" had been written above the words "Lunar Park." The names on the slip were those of horses scheduled to race at the Suffolk Downs race track on September 30, 1954. The defendant also had in his possession with other moneys a five dollar and a one dollar bill.

General Laws (Ter. Ed.) c. 271, § 17, so far as here material, provides that "Whoever . . . is found in, any place, [or] way, public or private . . . with apparatus, books or any device, for registering bets . . . upon the result of a trial or contest of skill, speed or endurance of man, beast, bird or machine . . . or, being such . . . occupant, person found or person present, as aforesaid, registers such bets . . . shall be punished . . . ."

The defendant in his brief states that he does not deny that he was found in a place or way which "would satisfy the requirements of the statute" or that the slip of paper found upon his person could be found to be an apparatus for registering bets. See G. L. (Ter. Ed.) c. 271, § 27. His only contention is that there was no evidence that he was registering or did register bets. In *Sullivan* v. *Vorenberg*, 241 Mass. 319, 321, it was held that the "receiving of a bet upon a horse race and making a memorandum of it

on the slip of paper delivered to the one making the bet is in fact the registering of a bet." It is plain, we think, that a bet is also registered if the memorandum is made out by the bettor and delivered to the person receiving the bet. In the instant case the slip of paper could be found to be a memorandum given by a person unknown to the defendant and intended by the parties to be a minute of a bet. The giving and receiving of the paper with such intent completed the registering of the bet. *Commonwealth* v. *Clancy*, 154 Mass. 128, 134. *Commonwealth* v. *Healey*, 157 Mass. 455. G. L. (Ter. Ed.) c. 271, § 20. See *Commonwealth* v. *Carlson*, 331 Mass. 449. The Commonwealth was not bound by evidence which it introduced to the effect that the defendant was in the habit of transporting patrons to race tracks, that frequently persons who could not visit the tracks gave him memoranda of bets which they wished placed by him at the pari-mutuel windows at the tracks, and that he stated the slip of paper in question had been received by him for that purpose. See *Priorelli* v. *Guidi*, 251 Mass. 449, 450; *Haun* v. *LeGrand*, 268 Mass. 582, 584, and cases cited. It was for the jury to determine whether the bets recorded on the slip of paper had been registered with the defendant or delivered to him as agent to be placed at a race track. The evidence was sufficient to warrant a verdict of guilty.

*Exceptions overruled.*