COMMONWEALTH *vs.* ROBERT F. LAMOUREUX.

Plymouth.   December 7, 1964. — January 29, 1965.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Evidence,* Opinion: expert; Photograph; Relevancy and materiality; Of identity.  *Practice, Criminal,* Mistrial.

At the trial of indictments for robbery and kidnapping of a woman who was severely beaten about the head and face by the robber and kidnapper while he was seated beside her in an automobile with one arm around her neck, there was no error in the admission of expert testimony that stains on certain clothing claimed to be the defendant's were human blood, or of colored photographs of the woman's face and head taken after the assault and showing wounds, or of the clothing.  [392–393]

Where, at the trial of indictments for robbery and kidnapping of a woman who was also severely beaten by the robber and kidnapper in a county other than the county in which the robbery and kidnapping were committed, the main issue was the identity of the defendant as the robber and kidnapper, evidence tending to show that the defendant was the assailant and therefore the robber and kidnapper was admissible although such evidence pertained only to the assault and the defendant was not then on trial for the assault.  [393–394]

Error in the denial of a motion for a mistrial in a criminal case was not shown where the record failed to substantiate the asserted ground of the motion that the district attorney made a remark prejudicial to the defendant in the presence of the venire at the calling of the list prior to the trial.  [394]

INDICTMENTS found and returned on January 10, 1964.

The cases were tried in the Superior Court before *Lurie,* J.

*Harold J. Betzold, Jr.,* for the defendant.

*A. Stanley Littlefield,* Assistant District Attorney, for the Commonwealth.

KIRK, J.   The defendant at his trial, held subject to G. L. c. 278, §§ 33A–33G, was found guilty and sentenced on indictments charging him with the robbery and kidnapping of a Miss Harvey at Brockton on November 15, 1963.   His appeal assigns nineteen errors.   We have the exhibits and transcript of testimony.

We summarize the evidence which is pertinent to our consideration of the alleged errors. On November 15, 1963, following her return from her place of employment as a secretary, Miss Harvey parked her car at the West Shopping Center in Brockton, went to a cleaning establishment located there, picked up a coat and returned to her car. It was dusk. After she had seated herself behind the wheel, she turned around and saw a man partly in the right rear door. He pointed a gun at her. His hair was dark, and he wore a red jacket and dark pants. He got in the back seat of the car. He told her not to look at him again, to drive as he said, and she would not get hurt. Thereafter, for what seemed an hour, he gave her driving directions, mainly in the streets of Brockton, and apparently without any destination in mind. She was afraid. At one point, on Linwood Street in Brockton, she felt something pressing against her shoulder, and he asked her where her money was. She gave him her handbag, and he took her wallet from it. She would never forget his voice. There was talk about when she would be able to go home. He got into the front seat. She looked quickly at him. She told him that she felt sick and wanted to stop the car. Without directions from the man, she stopped the car on Main Street in North Easton near the intersection of Route 138, where there was a break in the wall surrounding Stonehill College. There were woods behind the wall. Her home was about a half mile away. He ordered her to drive on because the spot was too bright for him to get out. She refused. He put his left arm around her neck and began to beat her with an object — she thought it was the gun — in his right hand. She struggled, sounded the horn with her right hand, opened the door with her left hand and ran to a nearby house. The police came. Miss Harvey was hysterical; her face and hair were covered with blood. She was taken to the hospital where she remained ten days. Colored photographs were taken of her face and head.

The police found the car at the scene later in the evening. There was an imitation automatic pistol on the front seat.

In the woods near by, about 150 yards from the car, they found a bright red jacket with stains on the left sleeve. One week later two boys found a pair of dark pants and a sweater in the woods, at a point twenty-five feet in from the road, and about 100 yards from the intersection of Main Street and Route 138. A cleaner's tag on the inside back seam of the trousers was traced to the owner of the cleaning shop. It bore data given to the cleaner by an unknown person on October 8, 1963, when the pants were brought to the shop. The person gave the name Brown and a stated address in Brockton. A Mrs. Brown, who lived at the stated address, had not seen her husband for three years. She knew the defendant. He had stayed at her apartment over weekends for "about a year or so." She had last seen the defendant on September 6, 1963. The sweater looked familiar to her; it was similar to the one the defendant wore, but she could not identify the pants or the jacket.

Miss Harvey identified the defendant as the man who got into her car. She recognized his features and his voice. She identified the gun as the defendant's and the red jacket as the one worn by him on November 15, 1963, and they were admitted in evidence without objection.

We consider the assignments of error which, for the most part, relate to rulings made by the judge during the trial.

The denial of the defendant's motion to have the jury take a view of the wooded area where the clothing was found was within the discretion of the judge. G. L. c. 234, § 35. No citation of cases is necessary.

There was no error in admitting the testimony of a qualified expert from the State police that the stains on the jacket, sweater and pants were human blood. The expert was unable to identify the blood type. Other evidence in the case could fairly lead to the conclusion that the blood was Miss Harvey's. *Commonwealth* v. *Moore,* 323 Mass. 70, 74.

There was no error in admitting as exhibits other items now to be mentioned. The colored photographs, identified as having been taken of Miss Harvey while she was in bed

in the hospital, had evidential value on a material matter, and were not made inadmissible because they could be considered inflammatory. *Commonwealth* v. *McGarty,* 323 Mass. 435, 438. The open wounds on her scalp, as shown in the photographs, confirmed testimony that she had bled profusely from her head, and also pointed to the probability that the blood from the wounds would flow onto the clothing of an assailant in physical contact with her, and particularly onto the clothing of one whose left arm was around her neck, and whose right hand was beating her face and head with an instrument. The jacket with stains of blood on the left sleeve, found in the woods near the scene of the assault, tended to show that the wearer of the jacket was the assailant. The sweater, pants and tag were properly admitted. The circumstances of the time and place of finding the sweater and pants and the testimony that the stains on them were human blood permitted an inference that the person who had disposed of the blood stained jacket, already identified and in evidence, had likewise disposed of them. Moreover, Mrs. Brown's testimony that the sweater "look[ed] familiar" and was similar to one possessed by the defendant, and Miss Harvey's testimony that her abductor wore dark pants, coupled with the testimony given by the cleaner that the person who had left the pants gave Mrs. Brown's address as his own, and by Mrs. Brown that the defendant was a regular weekend visitor at her address sufficiently connected the items with the defendant and warranted their admission.

The defendant contends, nevertheless, that the items of clothing and the photographs were inadmissible because they were relevant only to the charge of aggravated assault then pending against him in Bristol County (where North Easton is located) and not to the charges of robbery and kidnapping which were being tried in Plymouth County. The defendant misconceives the purpose of the evidence. The main issue at the trial was the identity of the robber and kidnapper. The assault upon Miss Harvey was made by the kidnapper in the course of the kidnapping. The as-

certainment of the identity of the attacker would establish the identity of the kidnapper and robber. All of the evidence was competent, and all of it was directed to that vital issue in the case.

The defendant has argued that the denial of his motion for a mistrial was error on the grounds that his right to a fair trial was prejudiced by a remark of the district attorney to the judge in the presence of the venire and defendant's counsel when the list was called at the opening of the sitting on May 4, 1964. The motion was filed and denied on May 15, 1964, the second day of the trial. Apart from the fact that the motion was late and that no exception was taken to the judge's ruling, we note that the transcript of the proceedings on May 4 fails utterly to substantiate the assertion that the district attorney made the alleged statement, that the traverse jurors were present, or that, even if made as alleged, the statement was prejudicial. On the contrary, the transcript discloses that the first reference on May 4 to the defendant's having been in a jail in Missouri was made by his own counsel and shows also that at the trial the only reference to custody in Missouri was made by a police officer, called by the defendant, in response to leading questions asked by defendant's counsel at the suggestion of his client.

There is nothing in the record or the transcript to indicate, as the defendant argues, that there was any irregularity in the interstate rendition proceedings under G. L. c. 276, §§ 20K–20O, pursuant to which he was brought from Missouri to this Commonwealth. The defendant's real complaint is that he was brought to trial at all.

All assignments of error have been considered, and all, with two exceptions, have been discussed. Those not discussed do not merit it. There was no error.

*Judgments affirmed.*