COMMONWEALTH *vs.* MICHAEL DEMOGENES.

Middlesex.   October 4, 1965. — October 28, 1965.

Present: SPALDING, WHITTEMORE, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Betting. Words,* "Apparatus," "Device," "Registering," "Gaming apparatus or implements," "Materials of gaming."

Money wagered on a horse race is not in and of itself an "apparatus" or a "device" for registering bets within G. L. c. 271, § 17.   [587]
Conviction on a complaint under G. L. c. 271, § 17, charging the defendant with being "found in a place . . . with apparatus, books or any device for . . . registering bets" on a horse race and with registering bets thereon was not warranted where, irrespective of whether receipt of money by the defendant as a bet on a horse race amounted to registering a bet, there was no proof of the presence of any "apparatus, books or . . . device" for registering bets at the place of receipt of the money.   [588]

COMPLAINT received and sworn to in the District Court of Lowell on October 13, 1964.

Upon appeal to the Superior Court the case was tried before *Forte, J.*

*James C. Hamilton (Harold Katz & Nicholas Macaronis* with him) for the defendant.

*Barry Haight,* Assistant District Attorney (*Ruth I. Abrams,* Assistant District Attorney, with him), for the Commonwealth.

SPALDING, J.   The defendant was tried and convicted on a complaint charging a violation of G. L. c. 271, § 17, in that he "was found in a place in . . . Lowell with apparatus, books or any device for the purpose of registering bets upon the results of a trial or contest of skill or endurance of beasts, to wit: a horse race and did register bets upon such trials or contest of speed."   At the close of the evidence the defendant presented a motion for a directed verdict of not guilty which was denied, subject to the defendant's exception.   The correctness of this ruling presents the sole question for decision.

The evidence was as follows: On September 12, 1964, an officer of the Commonwealth visited a bar in Lowell known as McCormack's Lounge, which was across the street from the defendant's premises.   While in the lounge the officer "observed various patrons reading Armstrong's and the Daily Telegraph."   The patrons would then leave the lounge and go directly across the street to the Lowell Athletic Club.   The officer, "[a]s a result of certain conversations . . . in [the] . . . Lounge," entered the Lowell Athletic Club, approached the defendant, and gave him $4 "designating that the money was a bet on a particular horse, in a race occurring on that day."   The officer told the defendant that "Bill, across the street, said it would be ok."   The defendant "looked across the street and waved."

The bill of exceptions states that " [t]here was no further evidence as to the contents, apparatus, furnishings, books, or any device existing in the Lowell Athletic Club on September 12, 1964, at the time that the officer . . . placed said bet."

The defendant contends that the evidence recited above does not establish his presence in a place "with apparatus, books or any device, for registering bets" within the intendment of G. L. c. 271, § 17. The relevant portions of the statute read: "Whoever . . . is found in . . . any place . . . with apparatus, books or any device, for registering bets . . . upon the result of a trial or contest of skill, speed or endurance of man . . . [or] beast . . .; or, being such . . . person . . ., as aforesaid, registers such bets . . . shall be punished by a fine of not more than two thousand dollars or by imprisonment for not more than one year."

The evidence reveals that the only property found at the place where the bet occurred were four one dollar bills. Thus we are called upon to decide whether wagered money in and of itself constitutes an "apparatus" or "device" for registering bets within the meaning of the statute.

Hitherto we have held that such items as blackboards and tickets containing names of horses, telephones, number pool slips, and papers containing records of bets and the like could be found to be "apparatus" for registering bets. See *Commonwealth* v. *Clancy,* 154 Mass. 128; *Commonwealth* v. *Adams,* 160 Mass. 310; *Commonwealth* v. *Jensky,* 318 Mass. 350; *Commonwealth* v. *Carlson,* 331 Mass. 449; *Commonwealth* v. *Boyle,* 346 Mass. 1. And, as the *Carlson* case held, even articles (tape, pens and pencils) which could be used for innocent purposes may, when used with items designed for betting purposes, be found to be "apparatus."

"Apparatus" or "device" connotes an instrumentality utilized in betting, while "registering" suggests in its ordinary meaning the commitment to writing of some event or transaction. See *Sullivan* v. *Vorenberg,* 241 Mass. 319, 321; *Commonwealth* v. *Pasquale,* 334 Mass. 669, 670–671. Of course the stake of a wager is to some extent instrumental in the placing of a bet, but we are of opinion that wagered money, without more, is not an "apparatus" or "device" for registering bets within the purview of G. L. c. 271, § 17.

Support for this interpretation may be found in G. L. c. 276, § 1, which sets forth the various classes of prop-

erty for which search warrants may be obtained. Clause eleventh of § 1 specifies: "Gaming apparatus or implements used or kept and provided to be used in unlawful gaming . . . and the furniture, fixtures and personal property, *including money*, found in such place . . . when persons are engaged in unlawful gaming" (emphasis supplied). And in another statute governing searches of gaming houses (G. L. c. 271, § 23) the property which may be seized are "all the implements, apparatus or materials of gaming . . . and all the personal property, *including money*, furniture and fixtures there found" (emphasis supplied). Thus, it would appear that the Legislature has not considered money to be embraced by such words as "gaming apparatus or implements" or "materials of gaming." As was said in *Rosen* v. *Superintendent of Police*, 120 Pa. Super. Ct. 59, 61, "Money is not, ordinarily, itself, an instrumentality of gambling. It may be, as when men gamble on the toss of a coin. But usually it is the stake or profit of gambling, not an instrumentality, device or apparatus for gambling."

The portions of the statute under consideration define two offences: (1) being found in a place "with apparatus, books or any device, for registering bets" or (2) the registering of bets in such a place. Proof of the presence of "apparatus, books or any device, for registering bets" is essential to a conviction for either offence. Since we hold that such proof was lacking here, the defendant's exception to the denial of his motion for a directed verdict must be sustained. In view of this conclusion it is not necessary to determine whether what was done by the defendant amounted to the registering of a bet. See, however, *Commonwealth* v. *Clancy*, 154 Mass. 128; *Commonwealth* v. *Pasquale*, 334 Mass. 669.

It is to be noted that the portion of the statute here considered is not designed to proscribe wagering in general. Rather it deals only with certain types of conduct relating to gaming. As to the placing of bets in a manner other than that forbidden by § 17, the Legislature has made other

provisions. See, for example, c. 271, § 1 (penalty for winning money by gambling); § 2 (gaming at cards, dice or other game in public conveyance or public place, and so forth); c. 137, § 1 (private actions for loser and third parties against winners of money by gaming).

*Exceptions sustained.*