ROBERT F. LAMOUREUX *vs.* COMMONWEALTH.

Suffolk.   January 2, 1968. — January 31, 1968.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Practice, Criminal,* Assistance of counsel. *Constitutional Law,* Assistance of counsel.

On the record, an indigent defendant in a criminal case was not deprived of his right to assistance of counsel under the Sixth Amendment of the Constitution of the United States where it appeared that before trial he was not permitted to discharge a competent public defender assigned to the case and to have new counsel of his own choosing represent him at public expense, and that during the trial, in the presence of the jury, the defendant without warning addressed the judge saying that he did not want the public defender to defend him and that he could "show . . . [that the public defender was] not doing a proper job of it," whereupon the judge ordered him to be seated and the public defender continued with the case.

PETITION for a writ of error filed in the Supreme Judicial Court for the county of Suffolk on November 28, 1966.

The case was heard by *Whittemore,* J.

*A David Mazzone* for the petitioner.

*Willie J. Davis,* Assistant Attorney General, for the Commonwealth.

WILKINS, C.J.   The petitioner (defendant) was convicted in the Superior Court on indictments charging robbery and kidnapping.   On appeal the convictions were upheld.   *Commonwealth* v. *Lamoureux,* 348 Mass. 390.   His counsel then was a public defender, who was appointed on February 26, 1964, when the petitioner appeared in court without counsel. The facts in 348 Mass. show that the victim of the crimes was a secretary who had left her car in a Brockton shopping center parking space.   After she returned and got in the car, she observed a man entering the car through the right rear door and pointing at her what she thought was a gun.   He ordered her to drive through the city streets for

perhaps an hour, during which he took her wallet. Just before her escape, he beat her on the head with a hard object.

In this writ of error in the county court he is represented by other counsel, and claims that there was error in the Superior Court in that he, an indigent, was not permitted to discharge the public defender and to be assigned at public expense a new counsel, not named, of his own choosing. His sole contention before the single justice was that he was deprived of rights under the Sixth Amendment of the Constitution of the United States. After a hearing at which the petitioner testified, the single justice entered an order that the judgment be affirmed. The petitioner excepted.

We summarize the findings of the single justice. The petitioner's principal contention is that he was dissatisfied with the public defender's preparation and conduct of his case, making it reasonable for him to request other counsel; and that he was not given an opportunity to state to the judge the basis of his request. The petitioner expressly disclaimed any intention to charge the court appointed counsel with negligence.

On May 4, 1964, at a preliminary hearing, the public defender told the judge that the defendant said something to him about not knowing whether he wanted the defender to continue on the case, but did not know whether there still was any question in the defendant's mind. The defendant broke in with the statement that he felt that his counsel was "a pretty busy man" and he would like to have an attorney of his own choosing if he possibly could. When asked if he could pay for one, the defendant replied that he could not.

After this preliminary hearing the judge "in chambers" asked the public defender if he would like to be relieved of the assignment. The latter replied that he was better prepared than another attorney would be, and that he would continue with the case.

The trial began on May 14, 1964. The defender thought that he and his client "were getting along quite well." The next day, in the presence of the jury and before any testi-

mony was taken on that day, the defendant, without warning, spoke up, saying that he wished to address the court, and that he did not want his then counsel to defend him. The judge reminded him that his counsel was the public defender. The defendant repeated that he did not want his counsel to defend him. "I can show cause why he is not doing a proper job of it. I have papers in my pocket that I'd like to show the bench." The judge ordered him to be seated. The defender continued with the case, but it was "a very difficult situation" which he controlled as best he could.

The petitioner testified before the single justice that he believed that his trial counsel was overburdened with public defender work which interfered with the preparation of his case; and that the defender pressed him to plead guilty. The petitioner also contended before the single justice that his counsel should have interviewed, and perhaps called, three witnesses not called by the prosecution: (1) one Wilde, who saw the victim as she was driving her car under the direction of a kidnapper concealed in the car; and (2) a Mr. and Mrs. Allingham, to whose house the victim went when she left the car following the assault.

The single justice found that counsel was the sole public defender for two counties and had in his charge about 340 to 345 pending criminal matters; that he is a competent trial lawyer experienced in criminal cases; that he investigated the case and conscientiously prepared for trial in accordance with his best judgment; that he pointed out to the defendant the risks of trial and explored with the defendant the possibility of a plea of guilty; that his decision not to interview or call the three witnesses was made after consultation with the defendant; that there was no basis to believe that Wilde had seen the kidnapper or knew that the victim was under restraint; and that there was also no basis for believing that the Allinghams could testify to facts other than the victim's wounded, bloody, and hysterical condition.

At the hearing before the single justice the petitioner made two other points: (1) His counsel did not seek to find

evidence that the petitioner had been in a western State at the time of the crime. The single justice found that the petitioner throughout the preparation of the case told counsel that he had been in Brockton at the time, and there was, therefore, no basis for counsel seeking to prove that he was elsewhere.    (2) Rendition proceedings had been defective and he was in effect kidnapped from Missouri.    The trial counsel, according to the single justice, had done all he reasonably could with that point;    and that his present counsel had advised the defendant that there was nothing in the point.

Turning to the principal contention — the alleged error in the denial of the petitioner's request to discharge his counsel during the trial — the single justice found that the public defender would have been entirely willing to present to the judge on May 15, 1964, a request of the petitioner that he be superseded; and that the trial judge, if requested through counsel or a court officer, would have given full consideration, in the absence of the jury, to a request for a change of counsel and would have heard the petitioner's contentions. The single justice further found that the petitioner's dissatisfaction with his counsel on that date was due to three things: (1) the strength of the evidence being presented against him, (2) the belief that the defender by some means should have strengthened the alibi defence, and (3) the mistaken belief that a defence could be founded on the irregularity or illegality in the rendition proceedings.

The single justice ruled that, in the circumstances, the judge reasonably dealt with the defendant's conduct as an unjustified breach of the decorum of the trial, and in so doing did not deprive the defendant of a constitutional right.

We agree with these conclusions of the single justice. To the extent that the trial judge's reception of the defendant's interruption in the court room on May 15 gave any impression of brusqueness, it must be realized that the judge was forced into a difficult position. The defendant independently undertook to compel an interruption of his trial. In these cirumstances, the action of the trial judge might well have

served to prevent the defendant from prejudicing his position with the jury. It was the judge's function to preserve decorum in his court room and so indirectly to contribute to the maintenance of respect for the courts. He had the further important duty to be alert to the possibility of a defendant seeking a mistrial so as to avoid the strength of the evidence already presented by the prosecution.

Once the trial had begun, the effectiveness of any right of the defendant to force a change of counsel was diminished. *United States* v. *Denno,* 348 F. 2d 12, 15–16 (2d Cir.). See *United States* v. *Cozzi,* 354 F. 2d 637, 639 (7th Cir.). Thereafter any prejudice to his interests was to be balanced with the foreseeable effect upon the trial already in progress. Upon this issue the decision must be largely within the discretion of the trial judge. *Sanchez* v. *United States,* 311 F. 2d 327, 333 (9th Cir.). See *Smith* v. *United States,* 353 F. 2d 838, 845 (D. C. Cir.).

Here the results of a change in attorneys would have involved the dismissal of the lawyer who had been assigned to the case for more than two months, the discharge of the jury, the finding and appointment of new counsel, and the lapse of sufficient time to enable, if possible, preparation of the case to the petitioner's satisfaction.

The question raised at the trial was mainly the petitioner's adverse opinion of the efficacy of the services of the public defender. However broad the discretion of the trial judge to resolve this question, its exercise must be on an informed basis. It cannot be assumed that the average criminal defendant has intelligently assessed the competence of assigned counsel prior to the opening of the trial itself and objections thereafter are interposed only to create delay. It would have been better practice had the trial judge taken occasion to hear the petitioner's offer of specifications. See *United States* v. *Plattner,* 330 F. 2d 271 (2d Cir.). See also concurring opinion of Burger, J. in *Brown* v. *United States,* 264 F. 2d 363, 369 (D. C. Cir.).

But the hearing before the single justice, when there was no pressure of pending proceedings or other limitations of

time, amply demonstrates the inadequacy of the petitioner's objections. With every opportunity to present all his complaints in detail, the petitioner adduced nothing substantial which was new. All his criticisms, however flimsy, were completely answered in the findings.

*Exceptions overruled.*