COMMONWEALTH *vs.* FRANK B. COSOLITO
(and six companion cases[1]).

Middlesex.    April 5, 6, 1971. — May 10, 1971.

Present: TAURO, C.J., SPALDING, SPIEGEL, QUIRICO, & BRAUCHER, JJ.

*Betting. Gaming. Practice, Criminal,* Exceptions: what questions open. *Words,* "Apparatus."

An exception to the admission of certain evidence at the trial of an indictment which was placed on file with the defendant's consent after a verdict of guilty could not be brought before this court. [468–469]

Any question of law as to the admissibility of certain evidence at a criminal trial was not brought to this court by a bill of exceptions containing no exception by the defendant to the admission of the evidence. [469]

A racing publication, carried in the pocket of a defendant in criminal cases for use in the placement of bets, could have been found to be an "apparatus . . . or . . . device, for registering bets" within G. L. c. 271, § 17, and upon such a finding convictions thereunder of that defendant and of another defendant then present with him in a shop of being "found . . . with apparatus" were warranted. [469–470]

A racing publication, found in the pocket of one present in a "place occupied, used or kept for . . . registering bets upon any race" within G. L. c. 271, § 23, could have been found to be an "apparatus" of a "form of gaming," and conviction under § 5 of the defendant in a criminal case also present in such place was warranted even if he did not know of the possession of the publication by the other person. [470]

Under the criminal laws respecting betting, one can "register" a bet merely by committing it to memory. [470]

INDICTMENTS found and returned in the Superior Court on January 15, 1969.

The cases were tried before *Linscott,* J.

*Paul G. Holian* for the defendants.

*Terence M. Troyer,* Special Assistant District Attorney, for the Commonwealth.

BRAUCHER, J.    The defendant Cosolito was indicted for

---

[1] Of the six companion cases, three are against Frank B. Cosolito, two are against Charles A. Cassino, and one is against Armedi Armenio.

being found with apparatus for registering bets, for being found with apparatus for registering bets and registering bets, G. L. c. 271, § 17, for being concerned in a lottery, G. L. c. 271, § 7, and for knowingly permitting his premises to be used for gaming, G. L. c. 139, § 20. The defendant Cassino was indicted for being found with apparatus for registering bets, and for being present in a common gaming house, G. L. c. 271, §§ 5, 23. The defendant Armenio was indicted for being present in a common gaming house. The defendants were tried together before a jury and found guilty of each charge, and the cases are before us on their exceptions.

State police officers testified to the following facts. One or more of them, dressed in civilian clothes, went to a shop named "Whirlaway's Smoke Shop" on six occasions between October 28 and December 12, 1968. On such occasions they saw copies of a racing newspaper entitled "The National Armstrong Daily News Review" (Armstrong). On these occasions Cosolito accepted bets on horse races and numbers from the officers and others. Cosolito did not make notations of the bets, but "just kept them in his head." The police officers and other bettors often used Armstrongs in placing their bets, sometimes borrowing one carried by Cosolito. On at least four occasions Cassino was present, usually seated on a stool behind a counter. On December 12 two officers went to the shop and placed bets with money whose serial numbers had been listed. Later that day a raiding party of police officers arrived with search warrants. They seized an Armstrong from Cosolito's pocket, money from his pockets which included the identified bills, an Armstrong and a Daily Record turned to the race sheet from Cassino's hands, and two pens and a pencil and more Armstrongs on and under the counter in front of Cassino. Armenio was sitting reading an Armstrong. All three defendants were arrested.

1. The defendant Cosolito excepted to the admission in evidence of an application for a license to sell cigarettes at the address of the shop. The application named Cosolito

as owner and purported to be signed by him, and was offered as evidence of his control of the premises. The Commonwealth argues that it was admissible under G. L. c. 233, § 78. See *Sawyer & Co.* v. *Southern Pac. Co.* 354 Mass. 481, 482–484. We need not pass on that contention, since the evidence was relevant only to the indictment under G. L. c. 139, § 20. That indictment was placed on file with Cosolito's consent after the verdict of guilty, and the exceptions taken in that case are not properly before us. *Commonwealth* v. *Carver*, 224 Mass. 42, 44. *Commonwealth* v. *Locke*, 338 Mass. 682, 684.

2. The defendants argue that the Armstrong admitted in evidence as one taken from Cosolito should have been excluded. The bill contains no exception by any of the defendants on this point, and the question is therefore not properly before us. *Commonwealth* v. *MacGregor*, 319 Mass. 462, 463.

3. Each defendant excepted to the denial of his motion for a directed verdict on each indictment against him. The defendants now argue that proof of the presence of "apparatus" for registering bets is essential to conviction under G. L. c. 271, § 17, and that money is not such an apparatus. *Commonwealth* v. *Demogenes*, 349 Mass. 585, 587–588. In the *Demogenes* case we recognized that "even articles (taping, pens and pencils) which could be used for innocent purposes may, when used with items designed for betting purposes, be found to be 'apparatus.'" Apparently pursuant to the same principle, racing publications were treated as "apparatus" in *Commonwealth* v. *Jensky*, 318 Mass. 350, 352, and *Commonwealth* v. *Mele*, 358 Mass. 225, 227. We think that racing publications may become "apparatus" even when not used with other items specially designed for betting purposes, if a person registering bets supplies the publications for use in placing the bets. On this basis the Armstrong which Cosolito carried in his pocket could be found to be an "apparatus . . . or . . . device, for registering bets." On such a finding he and Cassino could be convicted of being "found . . . with apparatus" under

G. L. c. 271, § 17. There was more than "mere unwitting presence in the same place with apparatus," held insufficient in *Commonwealth* v. *Murphy*, 342 Mass. 393, 395.

4. Armenio was not charged with being "found with apparatus" under G. L. c. 271, § 17, which provides a maximum punishment of a $3,000 fine or imprisonment for three years, but with being present in a "place occupied, used or kept for the purposes described in" G. L. c. 271, § 23. On such a charge G. L. c. 271, § 5, limits punishment to a fine of $50 or imprisonment for three months. One of the purposes proscribed by § 23 is "registering of bets upon any race," and under § 23 "all persons present whether . . . participating [in any form of gaming] or not," are subject to § 5 "if any . . . apparatus or materials of any form of gaming are found in said place." We think the Armstrong in Cosolito's pocket could be found to be "apparatus" under G. L. c. 271, § 23, as well as under § 17. There was evidence that Armenio was present in a place used for registering bets upon a race, and that apparatus was "found in said place." His knowledge was immaterial. "The statute means that people enter such places at their peril. . . . [T]he law . . . may say that people are not likely to resort to a common gaminghouse without knowing it, and that they must take the risk of knowing the character of the place to which they resort, if the implements of gaming are actually present." *Commonwealth* v. *Smith*, 166 Mass. 370, 375–376. See *Commonwealth* v. *Buckley*, 354 Mass. 508, 512–513.

5. The defendants excepted to the judge's charge that one can "register" a bet by committing it to memory. The judge was right on this point. The defendants also seem to argue that there was no proper instruction as to the meaning of "apparatus" but we find no exception to this aspect of the charge. Since the portion of the charge dealing with "apparatus" is not in the record before us, we could not consider it even if there were a proper exception.

*Exceptions overruled.*