COMMONWEALTH *vs.* ROOSEVELT SMITH & others.[1]

Essex.    October 9, 1973. — November 12, 1973.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Evidence,* Firearm, Judicial discretion. *Practice, Criminal,* Assistance of counsel.

Where defendants charged with armed robberies were apprehended at a roadblock while in flight in an automobile after the robberies, there was no error at their trial in admitting a shotgun found in the automobile at the roadblock where, although there was no showing that the shotgun was used in the robberies, it could have been used in furthering the defendants' escape and was therefore admissible on the issue of guilt. [546-547]

Where, during a criminal trial, counsel for a defendant informed the court that his client felt that he was not being represented properly and made an oral motion at the request of his client that he be replaced by a black attorney as only a black attorney could represent the defendant properly, there was no error in a failure by the judge to inquire of the defendant personally as to his reasons, nor abuse of discretion in denial of the motion. [547-549]

INDICTMENTS found and returned in the Superior Court on September 18, 1970.

The cases were tried before *Linscott,* J.

*Harvey M. Pullman* for the defendants.

*Peter F. Brady,* Assistant District Attorney, for the Commonwealth.

HALE, C.J.    The four defendants were each tried, convicted, and sentenced to the Massachusetts Correctional Institution at Walpole on four separate indictments charging armed robbery. They are here on an exception to the

---

[1] John Dillard, Clarence Fields, and Willie Ray.

trial judge's admission in evidence of a sawed-off shotgun, there having been no showing that it was used in the robberies. The defendant Smith is also here on an exception to the denial of his motion (made during the trial) to replace his court-appointed attorney with a black attorney.[2] There was no error.

We summarize from the bill of exceptions the facts which we consider material to the issues raised. At about 5:15 P.M. on May 9, 1970, Mooter's Package Store in Gloucester was held up by three men later identified as the defendants Dillard, Ray, and Smith. The sum of four hundred dollars was taken from the cash register. The wallets of all but one of those present in the store were also taken. Dillard and Smith were carrying handguns. One of the victims observed what he described as a red automobile parked at a street corner about fifty to sixty feet from the store. The victims were made to lie on the floor as the robbers left.

At about 5:40 P.M. Officer Beauparlant of the Gloucester Police Department went to a traffic rotary on Route 128, where several minutes later he saw a red and black Pontiac automobile with one occupant then visible. He gave chase. The Pontiac started moving at a high rate of speed, at times in excess of ninety miles per hour. During the chase Officer Beauparlant observed three black men in the Pontiac. The chase ended at a roadblock in Danvers, where the Pontiac swerved around the backed-up automobiles and "flipped over", landing right side up. Officer Beauparlant saw Dillard reach for a gun. Dillard was disarmed and handcuffed by another officer. Ray was arrested as he attempted to run away. Smith was under the automobile, and the defendant Fields was "hanging out of the passenger's side of the car." Officer Beauparlant took a shotgun, some shotgun shells, a bag of money, and other objects from the car.

The defendant Smith excepted to the admission of the shotgun in evidence. The defendants argue that the admis-

---

[2] Other exceptions not having been briefed or argued are deemed to have been waived.

sion in evidence of the shotgun impugned their character by suggesting to the jury that each of them was a person of severe and violent criminal predisposition.[3]

It is the general rule that weapons found in the possession of a defendant are admissible only if they might have been used in the commission of the crime charged. *Commonwealth* v. *McLaughlin,* 352 Mass. 218, 229-230 (1967). The purpose of this rule is to forestall the admission of evidence which would give rise to an inference in the minds of the jury "that a defendant has vicious and dangerous propensities." *Commonwealth* v. *West,* 357 Mass. 245, 248 (1970). In this case, however, the shotgun was properly admitted. The gun was seized from the getaway car after its progress had been stopped by a roadblock and its fleeing occupants had been arrested. Such flight and the possession of a shotgun which could have been used in furthering the defendants' escape were admissible on the issue of guilt. *Commonwealth* v. *Haney,* 358 Mass. 304, 306-307 (1970).

At the beginning of the second day of trial Smith's attorney informed the court that his client was not satisfied with his services because he felt that he was not being represented properly. Counsel also informed the court that Smith had asked that he be replaced by a black attorney as only a black attorney could represent Smith properly. This statement was "[c]onstrued as an oral motion presented by the attorney at the request of his client" and was denied. The defendant Smith duly excepted. Smith contends that it was error for the court, having been apprised of the defendant's request to remove his counsel, not to have made inquiry of him as to the reasons for his request. Smith concedes at the outset that, as an indigent defendant, he is not entitled to his choice of counsel (*Commonwealth* v. *Drolet,* 337 Mass. 396, 400 [1958]); that he also would not be entitled to a lawyer of a particular race; and that the

---

[3] In view of the result reached, we need not consider the request of the defendants Dillard, Ray and Fields to join in Smith's exception, notwithstanding the failure of their respective counsel to object and to save exceptions at the trial.

right of a defendant to compel a change of counsel is diminished once a trial has begun. Further, the defendant admits that the allowance of such a request is within the sound discretion of the trial judge. *Lamoureux* v. *Commonwealth,* 353 Mass. 556, 560 (1968).

The discretion of the trial judge to resolve this question, broad though it may be, must be exercised on an informed basis. The better practice is for the judge to ascertain from the defendant his reasons for making the request. *Lamoureux* v. *Commonwealth,* 353 Mass. 556, 560 (1968). Given the facts of this case, however, the judge was not required to make such inquiry.

In *Brown* v. *United States,* 264 F. 2d 363 (D. C. Cir. 1959), the Court of Appeals for the District of Columbia was presented with a similar fact situation and issue. In that case the court observed: "It is also said that the colloquy between court and counsel . . . required the presiding judge to inquire of Brown himself whether he was dissatisfied with his appointed counsel and, if so, why. In other words, although his assigned counsel had told the court his client wanted him replaced because of his pessimism as to the result, appellant contends here that the judge committed reversible error by not consulting him personally as to the cause of his dissatisfaction with his lawyer. . . .

"We cannot suppose that, had he been asked, appellant would have given a different reason for being displeased with his attorney, when he does not suggest there was a different reason which he would have given. Nor can we reverse and remand for a new trial merely to give the appellant the satisfaction of being personally asked why he wanted to dismiss his counsel and have another appointed when, as far as we know or have been informed, he would give no reason except that given by his attorney." *Id.* at 366.

No suggestion is now made by Smith that there were any different or additional reasons supporting his request. He makes no claim that he was in any way prejudiced by the judge's ruling. Smith's attorney had been on the case for about nine months. The record discloses that the attorney capably performed his duties as trial counsel.

We are of opinion that the trial judge's denial of the motion was well within the limits of sound judicial discretion.

*Exceptions overruled.*