COMMONWEALTH *vs.* EUGENE T. BENNETT. June 7, 1977. 1. The evidence amply warranted findings that the defendant was found in possession of various apparatus for registering bets and was engaged in that enterprise at the time of the raid. Therefore, the defendant's motion for a directed verdict was properly denied on each complaint. See *Commonwealth* v. *Jensky,* 318 Mass. 350 (1945); *Commonwealth* v. *Boyle,* 346 Mass. 1 (1963); *Commonwealth* v. *Cosolito,* 359 Mass. 467 (1971). 2. There was no error in the denial of the motion for a mistrial based on the prosecutor's question and an alleged statement thereafter (which does not appear in the transcript) as to whether a witness noticed a sign on the building "to denote any legitimate business." Those words could not have prejudiced the defendant, in light of the overwhelming evidence introduced as to the character of the premises. See *Commonwealth* v. *DeChristoforo,* 360 Mass. 531, 539 (1971). 3. The judge did not abuse his discretion in denying the defendant's motion for a mid-trial continuance made in the following circumstances: Prior to trial, appearances had been filed for the defendant, first by Mr. Brower and later by Mr. Bain. Trial had been delayed several times due both to several continuances and a default by the defendant. The defendant appears to have been warned at some time that trial would proceed with or without an attorney. On the day scheduled for the trial (Thursday, April 8, 1976) the defendant, through Mr. Brower, moved for a continuance on the ground that the latter had a conflicting engagement on Monday, April 12. The motion was denied,

and no contention is made that the denial was an abuse of discretion. Trial began as scheduled, with the defendant represented by Mr. Bain, Mr. Brower having absented himself. Evidence was taken on Friday, April 9. On Monday, April 12, the defendant moved for a continuance to a day when Mr. Brower might be present to represent him. The case falls within the well recognized principle that a defendant may not normally have a continuance as of right during trial for the purpose of obtaining other counsel. See *Lamoureux* v. *Commonwealth,* 353 Mass. 556, 560 (1968); *Commonwealth* v. *Ransom,* 358 Mass. 580, 585 (1971); *Commonwealth* v. *Miskel,* 364 Mass. 783, 791 (1974); *Commonwealth* v. *Smith,* 1 Mass. App. Ct. 545, 547-548 (1973); *Commonwealth* v. *Mott,* 2 Mass. App. Ct. 47, 51-52 (1974).

*Judgments affirmed.*

The case was submitted on briefs.

*Ronald J. Chisholm & Paul M. Hoffman* for the defendant.

*James E. Foley,* Assistant District Attorney, *& Eugene F. McAuliffe* for the Commonwealth.