COMMONWEALTH *vs.* ROLANDO SANCHEZ JIMINEZ.   December 1, 1983. *Homicide. Evidence,* Photograph.

The defendant appeals from his convictions of murder in the second degree and larceny of a motor vehicle. The single issue presented on ap-peal is whether the judge erred in admitting five photographs of the deceased victim's body, taken at the time of autopsy. The defendant argues that the admission of these photographs constituted prejudicial er-ror because they were inflammatory and because they were unnecessary to prove the Commonwealth's case since there had already been oral testi-mony concerning the nature of the wounds. There was no error. See *Commonwealth* v. *Stirling,* 351 Mass. 68, 70-71 (1966), and cases cited.

"It is axiomatic that the admissibility of photographic evidence is com-mitted to the sound discretion of the trial judge, limited only in those rare instances in which the probative value of the evidence is overwhelmed by its inflammatory potential." *Commonwealth* v. *Repoza,* 382 Mass. 119, 128 (1980). Thus, the short answer to the defendant's contention that the judge abused his discretion in admitting the photographs is that the evidence was relevant for at least two reasons: (1) "as an aid in the jury's consideration of the testimony of the medical examiner and in their understanding of the victim's injuries" (*Commonwealth* v. *Horton,* 376 Mass. 380, 399 [1978]) and (2) to rebut the defendant's claim as to his and the victim's relative positions at the time the shots were fired (compare *Commonwealth* v. *Dalton,* 385 Mass. 190, 192 [1982]). Here, as in *Com-monwealth* v. *Lamoureux,* 348 Mass. 390, 393 (1965), the photographs "had evidential value on a material matter, and were not made inadmis-sible because they could be considered inflammatory."

Even if we were to accept the defendant's additional claim that the photographs were not essential because they possessed only cumulative evidentiary value, we would be unable to conclude in these circumstances that their relevance was outweighed by their prejudicial effect. Compare

*Commonwealth* v. *Bastarache,* 382 Mass. 86, 106 (1980) (involving photographs showing the body as altered in the course of autopsy). The mere fact that there had been previous testimony concerning the nature of the wounds does not render the photographs lacking in probative value. *Commonwealth* v. *Bys,* 370 Mass. 350, 359-360 (1976). The judge explained and adequately cautioned in his instructions to the jury that they should distinguish the gunshot wounds from the surgical wounds. See *Commonwealth* v. *Stirling,* 351 Mass. at 72. Compare *Commonwealth* v. *Gaulden,* 383 Mass. 543, 548 (1981).

*Judgments affirmed.*

*Michael S.' Gallagher* for the defendant.
*James W. Sahakian,* Assistant District Attorney, for the Commonwealth.